READING BROADCASTING CO. v. FEDERAL RADIO COMMISSION (Journal Co., Intervener).

No. 5254.

Court of Appeals of District of Columbia.

Argued Feb. 4, 1931.

Decided March 2, 1931.

George O. Sutton, of Washington, D. C., for appellant.

Thad H. Brown, Elmer W. Pratt, Elisha Hanson, and D. M. Patrick, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decision of the Federal Radio Commission refusing an application of appellant for an increase of power and a change of frequency for the operation of its broadcasting station WRAW located at Reading, Pa.

It appears that station WRAW was first licensed as a broadcasting station in the year 1923. On June 15, 1927, it received a renewal license from the Federal Radio Commission permitting it to operate on a frequency of 1260 kilocycles with 100 watts power. This frequency was afterwards changed to 1310 kilocycles, the power remaining the same. The station was required to share time with station WGAL, located at Lancaster, Pa., operating upon the same frequency with 15 watts power.

On January 25, 1930, the appellant filed an application with the Commission for a permit to install a new transmitter, and operate upon a frequency of 620 kilocycles with a power of 500 watts, and with unlimited time of operation. This application accordingly sought a change of frequency from 1310 kilocycles to 620 kilocycles, a change of power from 100 watts to 500 watts, and a right to operate without time restriction instead of dividing its time with another broadcasting station. Such a change if allowed would advance the station from a local to a regional station.

A hearing was duly held upon the application, at which broadcasting station WTMJ of Milwaukee, Wisconsin, was allowed to intervene. The Commission thereupon held that the public interest, convenience, or necessity would not be served by granting the application. It was accordingly refused, and the present appeal was taken under section 16 of the Radio Act of 1927, 44 Stat. 1162, 1169 (47 USCA § 96).

The Board found upon the evidence that station WRAW as now operating is doing a good local broadcasting service, although, owing to peculiar geographical conditions, its service area is somewhat restricted; but that its service in Reading and the neighborhood could be increased by approximately 600 per cent. by an improvement in the transmission of the present station, producing 100 per cent. modulation without changing its power or frequency. The Board found moreover that the service area of the station is well served by station WJZ located at New York City, and other high-powered radio stations.

The Board also found that, if appellant's station should be permitted to operate upon a frequency of 620 kilocycles, with power output of 500 watts, as proposed in the application, it would result in heterodyne interference with station WLBZ located at Bangor, Me., about 470 miles from Reading, operating upon a 620-kilocycle channel with 500 watts power, and likewise with station WTMJ, located at Milwaukee, Wis., about 675 miles from Reading, operating upon a 620-kilocycle frequency, with power of 1 kilowatt at nighttime and 2½ kilowatts in the daytime, and would thereby reduce the serv-

ice areas of those stations; also that it would interfere with the service of stations WFAN and WIP, located at the city of Philadelphia, about 50 miles distant from Reading, one operating upon a 620-kilocycle channel, the other upon a 610-kilocycle channel, by producing cross-talk on both of these channels.

We have examined the evidence contained in the record, and we think it sufficiently sustains these findings. It consists in part of the testimony of competent engineers which is entitled to weight, and there is but little contradiction of it in the record. Under the rule expressed in Technical Radio Laboratory v. Federal Radio Commission, 59 App. D. C. 125, 36 F.(2d) 111, 66 A. L. R. 1355, the findings of the Board should in such case be sustained.

It is contended by appellant that the Second Zone, in which the state of Pennsylvania is situate, is under-quota in radio facilities as compared with the other zones established by section 2 of the Radio Act of 1927 (47 USCA § 82), supra, and section 9, second paragraph, as amended by section 5 of the Act of March 28, 1928, 45 Stat. 373 (47 USCA § 89), and that the state of Pennsylvania is similarly under-quota as compared with the other states of the Second Zone. Appellant insists that the Board should not continue such a situation by denying its application, in the interest of stations located in the over-quota states or zones. In answer to this contention, the Commission states that, if appellant's application should be granted, "the interference which would result on the 620-kilocycle and the 610-kilocycle channels would be more detrimental to the listening public of Pennsylvania than the existing lack of this State's full quota of regional assignments." The Commission also states that it "took into account the service of the various stations operating on 620-kilocycles and adjacent channels and determined that public interest, convenience, or necessity would not be served by permitting the operation of an additional station on 620 kilocycles at Reading, Pa., if such station would cause either heterodyne or cross-talk interference in the communities served by the former stations."

We concur in these views, for it would not be consistent with the legislative policy to equalize the comparative broadcasting facilities of the various states or zones by unnecessarily injuring stations already established which are rendering valuable service to their natural service areas. The paramount consideration after all is the public interest, convenience, and necessity, and we are convinced upon a review of the record that the Board's conclusions are in line therewith.

The decision is therefore affirmed, at the cost of appellant.