## STRAWBRIDGE & CLOTHIER (STATION WFI) v. FEDERAL RADIO COMMISSION.

### No. 5436.

Court of Appeals of District of Colmubia.
Argued Feb. 1, 1932.
Decided March 7, 1932.

Bethuel M. Webster, Jr., and Paul M. Segal, both of Washington, D. C., for appellant.

Thad H. Brown and D. M. Patrick, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decision of the Radio Commission refusing appellant's application for an increase of power of its broadcasting station, WFI, Philadelphia, Pa., from 500 watts to 1,000 watts. The station operates on a frequency of 560 kilocycles, a regional channel. It shares time with WLIT, another Philadelphia station.

Appellant was accorded a hearing before an examiner of the Commission, at which evidence was introduced. The examiner in his report recommended that appellant be authorized to operate its station with a power output of 1,000 watts during daylight hours, but be limited to its present power of 500 watts for nighttime operation.

On appeal, the Commission upon a consideration of the evidence, the examiner's report, and the exceptions thereto, denied the application upon the following grounds: (1) That the city of Philadelphia and surrounding area now receives a good broadcasting service; (2) that the granting of the application would result in objectionable interference between appellant's station and stations now operating on the same frequency; (3) that the granting of the application would likewise result in objectionable interference between appellant's station and stations upon the adjacent frequency of 570 kilocycles; and (4) that public interest, convenience, or necessity would not be served by the granting of the application.

The Commission found that at a point 33 miles from Philadelphia the field strengths of stations WFI and WMCA of New York City, operating on the adjacent channel of 570 kilocycles, are about equal, and that beyond this point WFI was affected with cross-talk interference during the daytime from WMCA. By increasing the daytime power of WFI, the good daytime service area of the station would be extended a few miles into the daytime service area of WMCA. The evidence indicates and the Commission has found that the service area of stations WQAM, Miami, Fla., WIBO, Chicago, Ill., and WNOX, Knoxville, Tenn., all operating on a frequency of 560 kilocycles, would be materially affected by increasing the power of station WFI.

Section 16 of the Radio Act of 1927 (chapter 169, 44 Stat. 1162), as amended by the Act of July 1, 1930 (chapter 788, 46 Stat. 844, U. S. C. Supp. 5, title 47, § 96 [47 USCA § 96]), provides in part: "That the review by the court shall be limited to questions of law and that findings of fact by the commission, if supported by substantial evidence, shall be conclusive unless it shall clearly appear that the findings of the commission are arbitrary or capricious." Our jurisdiction, therefore, is limited.

Appellant's engineer admitted that an increase of power of appellant's station to 1,000 watts might affect stations WQAM, WIBO, and WNOX, using the same frequency. The testimony of the Commission's engineer was to the effect that such an increase of power would materially affect the stations named. The Commission's engineer further testified that such an increase of power would result in cross-talk interference between appellant's station and stations WMCA and WNYC, located in New York City and operating on a 570-kilocycle channel. This testimony raised a material issue of fact, and, in our view, constituted substantial evidence in support of the findings of the Commission. Ansley v. Fed. Radio Com., 60 App. D. C. 19, 46 F.(2d) 600.

Appellant contends that the Commission erroneously interpreted the provisions of the Act of March 28, 1928 (c. 263, § 5, 45 Stat. 373 [47 USCA § 89]), known as the Davis Amendment, which provides that the licensing authority shall as nearly as possible make and maintain an equal allocation of broadcasting licenses, of bands of frequency or wave lengths, of periods of time for operation, and of station power, to each zone when and in so far as there are applications therefor, and that "the licensing authority shall carry into effect the equality of broadcasting service hereinbefore directed, whenever necessary or proper, by granting or refusing licenses or renewals of licenses, by changing periods of time for operation, and by increasing or decreasing station power, when applications are made for licenses or renewals of licenses." It is insisted that, because Philadelphia is in an underquota state and an underquota zone it was the duty of the Commission to reduce the power assignments of WQAM, WIBO, and WNOX to an extent that would avoid any interference caused by the granting of appellant's application.

In its General Order No. 102, adopted January 8, 1931, the Commission provided, in part, that "an applicant from an underquota State in an underquota zone may apply either for facilities in use in an overquota State in that zone or an overquota State in an overquota zone." This provision obviously places upon an applicant the burden of proving that it would be for the public interest, convenience, or necessity to reduce the power of one station for the benefit of another. Many elements must be considered in the determination of that question. In the present case the Commis-

sion has found that Philadelphia is now receiving good broadcasting service and that the granting of appellant's application would not materially better that service, but would materially affect the service of other stations. Appellant has entirely failed to prove that the reduction in power of the stations at Miami, Fla., Chicago, Ill., and Knoxville, Tenn., operating on the same frequency, would be to the public interest, convenience, or necessity. See Reading Broadcasting Co. v. Fed. Radio Com., 60 App. D. C. 89, 48 F.(2d) 458, 59 W. L. R. 395; K. F. K. B. Broadcasting Ass'n v. Fed. Radio Com., 60 App. D. C. 79, 47 F.(2d) 670, 59 W. L. R. 208.

We are constrained to affirm the decision.

Affirmed.