.FEDERAL RADIO COMMISSION *v.* GENERAL ELECTRIC COMPANY ET AL.

No. 122. Argued January 17, 20, 1930.—Decided May 19, 1930.

*Mr. Bethuel M. Webster, Jr.,* Special Counsel, Federal Radio Commission, *pro hac vice,* by special leave of Court, with whom *Messrs. Paul M. Segal* and *Louis G. Caldwell* were on the brief, for petitioner.

*Messrs. Charles Neave, Stephen H. Philbin,* and *John W. Guider* were on the brief for the General Electric Company.

*Messrs. Hamilton Ward,* Attorney General of New York, *Henry S. Manley,* Assistant Attorney General, and *Claude T. Dawes,* Solicitor General, were on the brief for the State of New York.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

A review is sought here of a decision of the Court of Appeals of the District of Columbia given on an appeal from an order of the Radio Commission.

The General Electric Company owned and was operating a broadcasting station at Schenectady, New York, when the Radio Act of 1927 went into effect. Thereafter it sought and obtained from the commission successive licenses under that act for the further operation of the station. The last license was issued November 1, 1927, for that calendar month and was prolonged until November 11, 1928, by successive short extensions.

January 14, 1928, the company made application for a renewal of that license. The application was not acted upon until October 12, 1928, and then the commission ordered that a license be not issued with terms like those of the existing license, but that one be issued with other terms much less advantageous to the company and the communities which it was serving—the chief change being a pronounced reduction in the admissible hours of service. The company regarded this order as a refusal of its application for a renewal of the existing license and prosecuted an appeal, under section 16 of the act of 1927, to the Court of Appeals of the District of Columbia. After a hearing that court found from the record returned by the commission that public convenience, interest and necessity would be served by renewing the existing license without change in its terms, and on that basis held that such a renewal should be granted and that the proceeding should be remanded to the commission with a direction to carry the court's decision into effect. Costs were assessed against the commission. 31 F. (2d) 630. On the petition of the commission certiorari was then granted by this Court.

Our jurisdiction to review the decision of the Court of Appeals is challenged.

The act of 1927, c. 169, 44 Stat., pt. 2, 1162, was enacted as a regulation of interstate and foreign radio communication; and it is in such activities that the company's broadcasting station is used. The act, as amended in 1928, c. 263, 45 Stat. 373, and 1929, c. 701, 45 Stat. 1559, directs that no broadcasting station be used in such communication except in accordance with the act and under a license granted for the purpose; authorizes the Radio Commission to grant station licenses and renewals thereof, both for periods not exceeding three months, and otherwise gives it wide powers in administering the act; restricts the granting of station licenses and renewals to instances "where public convenience, interest or necessity

will be served thereby "; authorizes the commission to determine the question of public convenience, interest or necessity; declares that decisions of the commission in all matters over which it has jurisdiction " shall be final, subject to the right of appeal " therein given; provides (§ 16) that, any applicant for a station license or the renewal of such a license, whose application is refused by the commission, may appeal from such decision to the Court of Appeals of the District of Columbia; directs that the grounds of the appeal be stated and the revision be confined to them; requires the commission, where an appeal is taken, to transmit to the court the originals or certified copies of all papers and evidence presented upon the application refused, together with a copy of the commission's decision and a statement of the facts and grounds of the decision; authorizes the court to take additional evidence upon such terms and conditions as it may deem proper; and provides that the court " shall hear, review and determine the appeal upon said record and evidence, and may alter or revise the decision appealed from and enter such judgment as to it may seem just."

We think it plain from this resume of the pertinent parts of the act that the powers confided to the commission respecting the granting and renewal of station licenses are purely administrative and that the provision for appeals to the Court of Appeals does no more than make that court a superior and revising agency in the same field. The court's province under that provision is essentially the same as its province under the legislation which up to a recent date permitted appeals to it from administrative decisions of the Commissioner of Patents.[1] Indeed, the provision in the act of 1927 is patterned largely

[1] Sections 59–62, Title U. S. C. The jurisdiction vested in the Court of Appeals of the District of Columbia by this legislation was transferred to the Court of Customs and Patent Appeals by the Act of March 2, 1929, c. 488, 45 Stat. 1475.

after that legislation. And while a few differences are found, there is none that is material here.

Referring to the provisions for patent appeals this Court said in *Butterworth* v. *Hoe,* 112 U. S. 50, 60, that the function of the court thereunder was not that of exercising ordinary jurisdiction at law or in equity, but of taking a step in the statutory proceeding under the patent laws in aid of the Patent Office. And in *Postum Cereal Company* v. *California Fig Nut Company,* 272 U. S. 693, 698, which related to a provision for a like appeal in a trade-mark proceeding, this Court held: " The decision of the Court of Appeals under § 9 of the act of 1905 [2] is not a judicial judgment. It is a mere administrative decision. It is merely an instruction to the Commissioner of Patents by a court which is made part of the machinery of the Patent Office for administrative purposes." Another case in point is *Keller* v. *Potomac Electric Power Co.,* 261 U. S. 428, 442–444, which involved a statutory proceeding in the courts of the District of Columbia to revise an order of a commission fixing the valuation of the property of a public utility for future rate-making purposes. There this Court held that the function assigned to the courts of the District in the statutory proceeding was not judicial in the sense of the Constitution, but was legislative and advisory, because it was that of instructing and aiding the commission in the exertion of power which was essentially legislative.

In the cases just cited, as also in others, it is recognized that the courts of the District of Columbia are not created under the judiciary article of the Constitution but are legislative courts, and therefore that Congress may invest them with jurisdiction of appeals and proceedings such as have been just described.

---

[2] Now § 89, Title 15, U. S. C. This jurisdiction also was transferred to the Court of Customs and Patent Appeals by the act cited in note 1.

But this Court cannot be invested with jurisdiction of that character, whether for purposes of review or otherwise. It was brought into being by the judiciary article of the Constitution, is invested with judicial power only and can have no jurisdiction other than of cases and controversies falling within the classes enumerated in that article. It cannot give decisions which are merely advisory; nor can it exercise or participate in the exercise of functions which are essentially legislative or administrative. *Keller* v. *Potomac Electric Power Co., supra,* p. 444, and cases cited; *Postum Cereal Co.* v. *California Fig Nut Company, supra,* pp. 700–701; *Liberty Warehouse Co.* v. *Grannis,* 273 U. S. 70, 74; *Willing* v. *Chicago Auditorium Association,* 277 U. S. 274, 289; *Ex parte Bakelite Corporation,* 279 U. S. 438, 449.

The proceeding on the appeal from the commission's action is quite unlike the proceeding, under sections 1001 (a)–1004 (b) of the Revenue Act of 1926, c. 27, 44 Stat., pt. 2, 109, on a petition for the review of a decision of the Board of Tax Appeals; for, as this Court heretofore has pointed out, such a petition (a) brings before the reviewing court the United States or its representative on the one hand and the interested taxpayer on the other, (b) presents for consideration either the right of the United States to the payment of a tax claimed to be due from the taxpayer or his right to have refunded to him money which he has paid to satisfy a tax claimed to have been erroneously charged against him, and (c) calls for a judicial and binding determination of the matter so presented—all of which makes the proceeding a case or controversy within the scope of the judicial power as defined in the judiciary article. *Old Colony Trust Co.* v. *Commissioner of Internal Revenue,* 279 U. S. 716, 724–727.

And what is said in some of the cases already cited respecting the nature and purpose of suits to enforce or

set aside orders of the Interstate Commerce Commission, as also orders of the Federal Trade Commission, makes it apparent that the jurisdiction exercised in those suits is not administrative, but strictly judicial, and therefore quite unlike the jurisdiction exercised on appeals from the Radio Commission.

Of course the action of the Court of Appeals in assessing the costs against the commission did not alter the nature of the proceeding.

Our conclusion is that the proceeding in that court was not a case or controversy in the sense of the judiciary article, but was an administrative proceeding, and therefore that the decision therein is not reviewable by this Court.

*Writ of certiorari dismissed.*

MR. CHIEF JUSTICE HUGHES did not participate in the consideration or decision of this case.