### CLEVELAND TRUST CO. v. NELSON et al.

### No. 4408.

District Court E. D. Michigan, S. D.

July 17, 1931.

Warren, Hill & Hamblen, of Detroit, Mich. (Richey & Watts, of Cleveland, Ohio, of counsel), for plaintiff.

Ramsey & Kent, of New York City, for defendants Nelson and Bohn Aluminum Co.

Carlos J. Jolly and Bruce G. Booth, both of Detroit, Mich. (Melville Church, of Washington, D. C., and George B. Schley, of Indianapolis, Ind., of counsel), for defendants Berry and General Motors Corporation.

SIMONS, District Judge.

The present suit was begun by bill in equity under section 4915, R. S., as amended by the Act of March 2, 1927 (35 USCA § 63), based upon certain interference proceedings in the Patent Office. Section 4915 is printed in full in the margin.[1] The parties to this suit and their relationship to the subject-matter is as follows:

The plaintiff is the assignee of one Jardine, who was an applicant in two antecedent interferences in the Patent Office. The defendants Nelson and Berry were also applicants in the interference proceedings; the latter being successful both before the Examiner and before the Board of Appeals. Nelson's application was assigned to the defendant Bohn Aluminum & Brass Corporation. The defendant General Motors Corporation is an exclusive licensee under the Berry application. The defendants Nelson and the Bohn Corporation, acting together, filed a counterclaim under section 4915. The successful applicant, Berry, and the General Motors Corporation, his licensee, are asking for no affirmative relief.

The cause is now before the court upon a motion made by Berry and the General Motors Corporation to dismiss the bill. This motion asserts that this court is a constitutional court as distinguished from a legislative court, and therefore has no jurisdiction in the present suit, for the reason that: (a) This suit is not a case or controversy, because not

---

[1] Section 4915. Whenever a patent on application is refused by the Commissioner of Patents, the applicant, unless appeal has been taken from the decision of the board of appeals to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication and otherwise complying with the requirements of law. In all cases where there is no opposing party a copy of the bill shall be served on the commissioner; and all the expenses of the proceedings shall be paid by the applicant, whether the final decision is in his favor or not. In all suits brought hereunder where there are adverse parties the record in the Patent Office shall be admitted in whole or in part, on motion of either party, subject to such terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court may impose, without prejudice, however, to the right of the parties to take further testimony. The testimony and exhibits, or parts thereof, of the record in the Patent Office when admitted shall have the same force and effect as if originally taken and produced in the suit (35 USCA § 63).

in such form that the judicial power is capable of acting upon it, since the contentions of all adverse parties are not submitted to the court for adjudication; (b) this suit calls for mere administrative or advisory or declaratory action. It is urged that, if either of these reasons is correct, suit must be dismissed.

Section 4915, either in its present or some other form, has been part of the law of the United States since 1836. It purports to give to an applicant for a patent, whenever his application has been refused by the Commissioner of Patents and an appeal has not been taken from the decision of the Board of Appeals to the Court of Customs and Patent Appeals for the District of Columbia, a remedy by bill in equity, and undertakes to empower the proper court in which such bill is filed to adjudge that the applicant is entitled according to law to receive a patent for his invention. The power of the Congress under the Constitution to grant such remedy as is by this statute sought to be given to a defeated applicant for a patent, and the power of the court within the grant of judicial power conferred by article 3, section 1, of the Constitution, to make such adjudication as is by the statute provided, is now for the first time directly challenged. It may at once be conceded, without argument or citation, that the constitutionality of an act of Congress is presumed, unless the contrary appears beyond all reasonable doubt, and that long custom and acquiescence reinforces this presumption. It must also be conceded that a mere assumption of jurisdiction by a court, however long continued, cannot confer a jurisdiction otherwise nonexistent under the constitutional grant of judicial power.

■ Such general aids to construction being understood, we come to the arguments advanced in support of the motion to dismiss. There has been an increasing tendency in recent years on the part of the Supreme Court to sharply distinguish between constitutional courts and legislative courts, and the respective limits of the jurisdiction which Congress may impose on them. Illustrative of this class of cases are the following: Postum Cereal Co. v. California Fig Nut Co., 272 U. S. 693, 47 S. Ct. 284, 71 L. Ed. 478; Liberty Warehouse Co. v. Grannis, 273 U. S. 70, 47 S. Ct. 282, 71 L. Ed. 541; Ex parte Bakelite Corporation, 279 U. S. 438, 49 .S. Ct. 411, 73 L. Ed. 789; Old Colony Trust Co. v. Commissioner, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918; Federal Radio Commission v. General Electric Co., 281 U. S. 464, 50 S. Ct. 389, 74 L. Ed. 969. The duty to give decisions which are advisory only, and that do not have force as judicial judgments, may not be laid on a constitutional court established under article 3 of the Constitution, such as is the United States District Court.

■ The Constitution extends the judicial power only to cases or controversies. The classification which the defendants make of their reasons upon which the motion is based is somewhat confusing. When it is said that this suit calls for mere administrative or advisory or declaratory action, it is but another way of saying that this suit is not a case or controversy within the meaning of article 3 of the Constitution, or that the court is not called upon to exercise judicial power. The two grounds for the motion may therefore be considered as one, and an inquiry made as to whether or not the suit is a case or controversy. Upon careful analysis of the moving defendants' arguments, it appears that the reasons they present for this suit not being a case or controversy include the following: A case or controversy implies the existence of present or possible adverse parties whose contentions are submitted to the court for adjudication. In the present case the Commissioner of Patents is not a party. The defendant Berry neither seeks nor under the law is he permitted to seek affirmative relief. Therefore there are neither present nor possible adverse parties to the present suit. The granting of a patent is a mere administrative duty. The proceeding provided for in section 4915 is a part of the proceeding by which a patent is granted. Therefore the adjudication provided for is not an exercise of judicial power, nor does it determine a case or controversy. The adjudication provided for in the statute authorizes the Commissioner to issue a patent, but does not command him to do it; therefore it is advisory or declaratory only, and not an exercise of judicial power. The statute does not contemplate the enforcement of the court's judgment by judicial process, and it becomes effective in any event only when the applicant otherwise complies with the requirements of law. Therefore the adjudication is not final, and is merely advisory or declaratory.

I cannot agree with the contention that there are in this suit neither present nor possible adverse parties. The plaintiff's assignor was a defeated applicant for a patent before the Patent Commissioner and the Board of Appeals. The defendant Nelson is also a defeated applicant, whose interests

were adverse to the plaintiff's assignor. In this suit the interests of plaintiff and the defendant Nelson are clearly adverse. Berry is the successful applicant. It is idle to say that he is not an adverse party, because in this suit he neither does nor can seek affirmative relief. He won his case before the administrative tribunal. He is here defending his position. He does not require any affirmative relief. If the suit of the plaintiff fails, and if the suit of the cross-plaintiffs fails, he will secure his patent. He is in this suit in position that differs not at all from that of any other defendant who resists a plaintiff's claim, but asks for no affirmative relief. He is an adverse party. The Commissioner of Patents is not made a party to this suit. While he is not a present adverse party, he is always a possible adverse party. He could have been made a party. He may desire to become a party by filing a petition to intervene. Granted that this court has no jurisdiction at the present time over the person of the Patent Commissioner, that does not prevent him from subjecting himself to its jurisdiction if he so desires. That would not have prevented the plaintiff from joining him as a party, giving him an opportunity to subject himself to the jurisdiction.

In this suit the contentions of the parties, both present and possible, are submitted to the court for adjudication. In Tutun v. United States, 270 U. S. 568, 46 S. Ct. 425, 426, 70 L. Ed. 738, the Supreme Court had before it the question as to whether the granting of citizenship was an exercise of judicial power applied to a case or controversy. Speaking through Mr. Justice Brandeis, the court said: "Whether a proceeding which results in a grant is a judicial one does not depend upon the nature of the thing granted, but upon the nature of the proceeding which Congress has provided for securing the grant. The United States may create rights in individuals against itself and provide only an administrative remedy. United States v. Babcock, 250 U. S. 328, 331, 39 S. Ct. 464, 63 L. Ed. 1011. It may provide a legal remedy, but make resort to the courts available only after all administrative remedies have been exhausted. Compare New Orleans v. Paine, 147 U. S. 261, 13 S. Ct. 303, 37 L. Ed. 162; United States v. Sing Tuck, 194 U. S. 161, 24 S. Ct. 621, 48 L. Ed. 917; American Steel Foundries v. Robertson, 262 U. S. 209, 43 S. Ct. 541, 67 L. Ed. 953. It may give to the individual the option of either an administrative or a legal remedy. Compare United States v. Clyde, 13 Wall. 38, 20 L. Ed. 479;

Chorpenning v. United States, 94 U. S. 397, 399, 24 L. Ed. 126. Or it may provide only a legal remedy. Compare Turner v. United States, 248 U. S. 354, 39 S. Ct. 109, 63 L. Ed. 291. Whenever the law provides a remedy enforceable in the courts according to the regular course of legal procedure, and that remedy is pursued, there arises a case within the meaning of the Constitution, whether the subject of the litigation be property or status."

I see no distinction in principle between the granting of a naturalization petition and the adjudication of the rights of an applicant to a patent as bearing upon whether the proceeding is a case or controversy. All of the tests applied by the court in the Tutun Case to the one proceeding are answered by the other. The applicant's claim is one arising under the Constitution and laws of the United States. It is presented to the court in such form that the judicial power is capable of acting upon it. The proceeding is instituted and is conducted throughout according to the regular course of judicial procedure. The Commissioner of Patents is in the instant case always a possible adverse party, just as is the United States in a naturalization proceeding. The applicant's contentions are submitted to the court for adjudication. The judgment entered like all other judgments of a court of record is accepted as complete evidence of its own validity unless set aside. The Supreme Court said of a grant of naturalization: "It is in this respect, closely analagous to a public grant of land * * * or of the exclusive right to make, use and vend a new and useful invention. Johannessen v. United States, 225 U. S. 227, 32 S. Ct. 613, 56 L. Ed. 1066."

Neither do I see merit in the contention that under the terms of the statute the adjudication provided for is merely advisory. It determines a right or a status. It cannot be ignored by the Patent Commissioner. The decision of the court on a bill in equity becomes the decision of the Patent Office, and is to govern the action of the Commissioner. Gandy v. Marble, 122 U. S. 432, 7 S. Ct. 1290, 30 L. Ed. 1223. In so far as the adjudication by the court is concerned, it is binding upon the parties, and binding upon the Commissioner of Patents. It adjudicates the right to a patent. It cannot be ignored or set aside except on appeal. Granted that the patent will not issue to the successful party until he has complied with the requirements of law, there is nothing in that provision that takes the proceeding outside of the class of cases or controversies. Compli-

ance with all procedural and incidental provisions of law is required of successful litigants in every case or controversy before the relief granted by judgment or decree may become operative.

Nor does the fact that the adjudication in this suit becomes enforceable through the acts of an administrative officer rather than through the issuing of usual judicial process constitute the proceeding anything but a case or controversy. There are judgments and decrees in many kinds of cases which operate as an exercise of judicial power for whose enforcement no judicial process issues. Such relief is not an indispensable adjunct to the exercise of the judicial function. Fidelity National Bank v. Swope, 274 U. S. 123, 47 S. Ct. 511, 71 L. Ed. 959. Among the examples cited in that case are naturalization proceedings, suits to determine a matrimonial or other status, suits for instructions to a trustee, or for the construction of a will, bills of interpleader so far as the stakeholder is concerned, bills to quiet title where the plaintiff rests his claim on adverse possession. Other strictly judicial proceedings requiring no award of process of execution might be cited.

This suit does not come within the class of suits wherein no actual controversy exists between adverse litigants and which call for a merely declaratory judgment, such as the one considered in Muskrat v. U. S., 219 U. S. 346, 31 S. Ct. 250, 55 L. Ed. 246, nor does it come within the class of proceedings which are purely administrative and which may be imposed upon a legislative court but not upon a constitutional court, such as were the proceedings considered in the Bakelite and the Fig Nut Cases herein referred to. The distinctions are obvious.

It follows from what has been said that the motion to dismiss must be denied.