KANSAS CITY SOUTHERN RY. CO. v. CORNISH et al.

No. 779.

Circuit Court of Appeals, Tenth Circuit.

June 10, 1933.

A. F. Smith, of Kansas City, Mo. (Frank H. Moore, of Kansas City, Mo., R. M. Rainey, of Oklahoma City, Okl., and Jas. B. McDonough, of Fort Smith, Ark., on the brief), for appellant.

C. W. King, Atty., Oklahoma Tax Commission, of Oklahoma City, Okl., and F. M. Dudley, Asst. Atty. Gen. (J. Berry King, Atty. Gen., W. C. Hall, Atty., Oklahoma Tax Commission, of Oklahoma City, Okl., E. G. Carroll, of Stilwell, Okl., J. Fred Green, of Sallisaw, Okl., and A. G. Windham, of Poteau, Okl., on the brief), for appellees.

Before LEWIS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

McDERMOTT, Circuit Judge.

Appellant, a citizen of Missouri, brought this suit in equity to enjoin the taxing officials of the State of Oklahoma and of the three counties in which appellant's property is situate, to enjoin the collection of taxes based upon a valuation made by the State Board of Equalization.

The bill alleges that the State Board of Equalization fraudulently, intentionally, and systematically assessed appellant's property at a higher percentage of its real value than other properties in the taxing districts, and that the county officials are pursuing, and will continue to pursue unless restrained, unlawful practices in the assessments of other properties in their respective counties. The amount involved exceeds $3,000.

The bill specifically alleges that by applying to the State Tax Commission for a rehearing, and by applying to the State Board of Equalization for a reduction and equalization of the assessment of appellant's property, appellant has exhausted its remedies, and is without adequate remedy for the wrongs and grievances herein complained of except in a court of equity.

Section 12661, Okla. Stat. 1931, provides for a hearing before the State Board of Equalization by any aggrieved person, and directs the auditor of the Board to prepare a transcript of the proceedings before the Board, and then provides:

"Such transcript may be filed by any interested person in the Supreme Court, and shall complete the appeal allowed by law, which transcript shall, in due course, be examined and reviewed by said court and affirmed, modified or annulled as justice may demand."

The bill affirmatively disclosing that appellant did not avail itself of its right to apply to the Supreme Court of the state for the review contemplated by this statute, the trial court dismissed the bill on motion. This appeal challenges the correctness of that decision.

The case turns upon the question of whether the proceeding provided by the statute before the Supreme Court is judicial in nature, or whether it is but a part of the administrative machinery set up by the statute for the assessment of properties for the purpose of taxation.

■ If the proceeding before the Supreme Court is a judicial review of an order made by an administrative branch of the government, then appellant has a constitutional right to its choice of forums, and may, if it chooses, seek such review in the courts of the United States. Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150; Smyth v. Ames, 169 U. S. 466, 18 S. Ct. 418, 42 L. Ed. 819; Railroad & Warehouse Comm. v. Duluth St. R. Co., 273 U. S. 625, 47 S. Ct. 489, 71 L. Ed. 807.

■ If, on the other hand, the proceeding before the Supreme Court is an administrative review, the appellant may not invoke the equitable jurisdiction of the court until it has exhausted the administrative remedies provided by the statute; until those remedies are exhausted, it cannot ordinarily be said that there is no adequate relief at law. Mellon Co. v. McCafferty, 239 U. S. 134, 36 S. Ct. 94, 60 L. Ed. 181; Gilchrist v. Interborough Rapid Transit Co., 279 U. S. 159, 208, 49 S. Ct. 282, 73 L. Ed. 652; Henderson Water Co. v. Corporation Comm., 269 U. S. 278, 46 S. Ct. 112, 70 L. Ed. 273.

■ An examination of the statute discloses that the intent of the Legislature was to provide for an administrative rather than a judicial review by the Supreme Court of Oklahoma. That court takes the case upon the transcript of the proceedings before the Board; its function is an examination and review of the transcript. There is no provision made for going back of that transcript for the purpose of developing all of the facts, which courts must do when a citizen invokes

the protection of the Constitution of the United States. More conclusive still is the power conferred upon the court to "modify" the orders of the State Board of Equalization. Courts, sitting as courts, may, in a proper case, hold invalid an order or an act of the executive or legislative branch of the government; but courts, as courts, have no power to promulgate another order to take the place of the one stricken down. Further elaboration of this point is made unnecessary by the exhaustive discussion in the two cases of Federal Radio Comm. v. General Electric Co., 281 U. S. 464, 50 S. Ct. 389, 74 L. Ed. 969, and the later case of Federal Radio Comm. v. Nelson Bros. Bond & Mtg. Co., 53 S. Ct. 627, 77 L. Ed. ——. In the first of these cases it was held that the power conferred by Congress upon the Court of Appeals of the District of Columbia to "alter or revise" an order of the Radio Commission made of that court a revising agency "in the administrative field and consequently its decision was not a judicial judgment reviewable by this court." See, also, as applicable to appeals to the county court under the Oklahoma taxing statutes, Ex parte State of Oklahoma (C. C. A. 10) 37 F.(2d) 862.

The point is moreover foreclosed to us by the opinion of the Supreme Court of Oklahoma, handed down since the decision below, in the Matter of Earlsboro Gas Co. Assessment, —— P.(2d) ——,[1] the second syllabus of which, prepared by the court, reads:

"An appeal to this court for review of the action of the State Board of Equalization under the foregoing statutory provisions, presents only the record for review, preserved as provided by the statute, and is a part of the administrative remedy of an aggrieved taxpayer, and is in nature an administrative rather than a judicial appeal, and the provisions of the statute must be complied with in order to present anything to this court for review."

■ It is then contended that the statute, so construed, violates the Constitution of Oklahoma. The Oklahoma Constitution (article 4) provides that the powers of government shall be divided into the legislative, executive, and judicial departments, and that neither shall exercise powers properly belonging to either of the others. But it further provides (article 7, § 2), with reference to the Supreme Court, that such court "may exercise such other and further jurisdiction as may be conferred upon it by law." The Constitution of Oklahoma means what the Supreme Court of Oklahoma says it means. It is admitted that the Supreme Court of the state has for years reviewed and modified orders of the State Board of Equalization, and has never doubted its constitutional power so to do. It is not for this court to hold a statute of Oklahoma to be violative of the Oklahoma Constitution where the state Supreme Court has consistently acted under that statute.

■ Lastly, it is contended that the administrative remedy is not adequate for that, in event the Supreme Court does not decide the appeal before the taxes are due, the taxes must be paid and impounded and, if the appeal is sustained, paid back to the taxpayer without interest. We do not decide whether the taxpayer in such a case may recover interest, for the entire argument is bottomed upon the assumption that the Supreme Court cannot or will not decide the appeal in the interval between the final action of the board and tax paying time. Not having invoked its remedy before the Supreme Court, appellant is in no position to claim that if it had invoked it the court would not have decided its appeal promptly; nor is there anything in the record to substantiate the assertion that the Oklahoma Supreme Court has delayed its reviews on such appeals beyond the time when the taxes must be paid.

The order dismissing the bill is affirmed.

*Rehearing denied September 6, 1933.

---

[1] Not released by court at date of publication.