**PEAY et al. v. COX, Registrar.**

No. 13494.

United States Court of Appeals
Fifth Circuit.

June 21, 1951.

124

T. Price Dale, Hattiesburg, Miss., for appellant.

M. M. Roberts, Hattiesburg, Miss., for appellee.

Before HUTCHESON, Chief Judge, and SIBLEY and STRUM, Circuit Judges.

SIBLEY, Circuit Judge.

The appeal is from the dismissal without prejudice of a suit by colored citizens of Mississippi in which they sought by a federal injunction to restrain the registrar of voters from discrimination because of color in refusing to register them as voters in violation of the law of Mississippi and contrary to the Fifteenth Amendment of the Constitution of the United States.

Peay and fourteen others allege that they are native born citizens of Mississippi and the United States residing in Forrest County, qualified in all respects to register and vote in elections, federal, state and local, under the Constitution and laws of Mississippi; that the said Constitution and laws require registration of voters, and a new registration was ordered to be begun on June 1, 1950, for use in future elections. L. M. Cox, appellee, is the Registrar for Forrest County. Plaintiffs and many other colored citizens have appeared before him in his office and applied to register, all being able to read any section of the Constitution of Mississippi, but the Registrar, by a misconstruction of Section 244 of the Constitution of Mississippi, which requires, among other things, that a voter shall "be able to read any section of the Constitution of this state; or he shall be able to understand the same when read to him or give a reasonable interpretation thereof", has in all instances of application by a colored voter examined him on the meaning of some section of the Constitution, especially Section 14 providing that "No person shall be deprived of life, liberty, or property except by due process of law", and the Registrar would express dissatisfaction with the answers, and decline to register them, as he did all the plaintiffs. Though there are nearly as many colored voters in Forrest County as white voters, no such questioning is made of the white voters and several thousand of them have already been registered, but the Registrar has allowed to register only about fifty colored voters. The petition charges that the Registrar, acting under color of his misconstruction of the Constitution, is purposely applying a different test to colored voters from that applied to whites, and depriving petitioners of their right to vote as secured to them by the Fifteenth Amendment of the federal Constitution; and that the District Court has jurisdiction to redress the wrong by damages and injunction under Title 8, Section 43, of the United States Code Annotated, and Title 28, Section 1343(3). The petitioners however allege that they do not seek damages, but only an injunction to require the Registrar to register petitioners and other colored citizens as he registers white citizens, that is, without examining them as to the meaning of any section of the Constitution where the voter can read any section. The

petition states that the statutes of Mississippi provide for an appeal from the refusal of the Registrar to register any person, but contends that the remedy applies to isolated denials and not to a wholesale denial of whole categories of citizens by a gross misconstruction of the Constitution of Mississippi, and claims that the remedy by appeal need not be exhausted before seeking a federal injunction.

The answer, besides making fact denials, sets up as special defenses: (1) that no claim is set up on which relief can be had; (2) that no jurisdiction is shown in the District Court; (3) that the remedy under the laws of Mississippi must be exhausted before the suit can be entertained; (4) the suit undertakes to control the State and its officers and is in effect against the State and forbidden by the Eleventh Amendment of the federal Constitution; and (5) the defendant is sued as an officer and the State has not consented.

The District Court heard no evidence, but on the face of the petition, without opinion, sustained the five defenses just mentioned and dismissed it without prejudice.

1. No attack is here made on the State Constitution or statutes. The complaint is that the Registrar is misconstruing the law and his powers under it, and has set up a different test for colored voters to register from that applied to white voters, with the purpose and effect of depriving the colored voters, and specifically the petitioners, of registration, and consequently of their right to vote, and only because of their color. The Fifteenth Amendment declares that the right of United States citizens to vote shall not be denied or impaired by the United States or any State because of color, and that the Congress shall enforce this provision by appropriate legislation. When registration is a prerequisite to voting, to prevent registration prevents voting as effectually as excluding the voter by force from the voting place, or refusing his ballot for no just cause when offered at the polls. The legislation in 8 U.S.C.A. § 43, and 28 U.S.C.A. § 1343(3) above referred to is appropriate and sufficient for the district court to try such a case and give effectual relief. Grounds of defense (1) and (2) above set out ought not to have been sustained.

2. Grounds (4) and (5) that the suit is in effect against the State and forbidden by the Eleventh Amendment stand no better. No right, title or interest of the State is here sought to be recovered or affected. Its laws are not even attacked. Its officer is not sued as representing the State, but he is charged with misrepresenting the State and misconstruing its laws. The fact that he is an officer acting under color of State law makes what he does State action within the prohibition of the Fifteenth Amendment, but does not make the suit one against the State under the Eleventh Amendment when he is sued for wrongdoing as here. We held as much lately in Cook v. Davis, 5 Cir., 178 F.2d 595.

3. We think however that the remedy by injunction, which is a discretionary remedy even when the court has jurisdiction to grant it, ought not to be had to control the State officer in the conduct of his office even though his conduct may appear to be wrong, until the remedy to correct him provided by the State has been exhausted. This rule is of special importance between the federal courts and State functionaries. We emphasized and followed it in Cook v. Davis, supra, and again in Bates v. Batte, 5 Cir., 187 F.2d 142, in reference to public school discriminations. The latest announcement of it by the Supreme Court is in Alabama Public Service Commission v. Southern Railway Co., 71 S. Ct. 762. The only trouble here comes from the distinction set up in some of the cases between State remedies which are administrative and must be exhausted, and those which are judicial and operate only to shift the case from the federal court into a State court, and end in a *res judicata* if unsuccessful. Such a remedy need not be exhausted.

What then is the remedy prescribed in Mississippi? The Code of 1942, Section 3224, provides: "Any person de-

nied the right to register as a voter may appeal from the decision of the registrar to the board of election commissioners [1] by filing with the registrar, on the same day of such denial or within five days thereafter, a written application for appeal". By Section 3226 the commissioners are required to meet at the court house on the first Monday in October and remain in session till they have heard all appeals, and they must correct all illegal or improper registrations or denials. By Section 3227 the hearing is *de novo,* witnesses may be heard, and papers produced. "The decisions of the commissioners * * * shall be final as to questions of fact, but as to matters of law they may be revised by the circuit and Supreme Courts. The registrars shall obey the orders of the commissioners in directing a person to be registered or a name to be stricken from the registration books". So far the remedy is wholly administrative, simple, and cheap and ought to be exhausted plainly. The revision in a point of law is not by a suit in court, but Section 3228 provides for a bill of exceptions containing the evidence and findings of the commissioners to be filed in the Circuit Court. By Section 3230, if the decision be in favor of an elector, the court shall direct the Registrar forthwith to register him. If the revision be carried even to the Supreme Court of Mississippi, we think it would be only a part of the administrative correction by the commissioners, very much like the corrective power of the Court of Appeals in the District of Columbia over certain agencies in Washington, discussed in Federal Radio Commission v. General Electric Co., 281 U.S. 464, 50 S.Ct. 389, 74 L.Ed. 969. The Supreme Court there said: "The provision for appeals to the Court of Appeals does no more than make that court a superior and reviewing agency in the same [administrative] field". The holding was that the Supreme Court had no function to review as a court the decision of the Court of Appeals. On the other hand in Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed.

1281, the state remedy was a full judicial proceeding begun by a petition filed in court and served on the registrar, tried regularly, and appealable as a civil case to the State Supreme Court. That was held to be a judicial remedy which need not be exhausted before applying to the federal court.

We think the Mississippi remedy ought to be pursued here. The petitioners can now go again before the Registrar and read or offer to read any part of the Constitution, and decline to be catechised as to understanding, and if refused registration may make prompt appeals to the commissioners. The commissioners are sworn officers and presumably will give them a fair hearing. They may easily think the petitioners are right in their construction of the Mississippi Constitution, that those who read are entitled to be registered without catechising; and only those who cannot stand the reading test are subject to examination as to understanding. This seems the plain interpretation made by the Legislature in prescribing the form of the registration book as entering the registrants in a column headed "Reads" or another headed "Understands". And more plainly in Section 3235, in restating the qualifications for voting it is stated: "and who is able to read any section of the constitution of the state, or *if unable to read the same,* who is able to understand the same when read to him, or give a reasonable interpretation thereof". If they hold ability to read is enough, the petitioners need nothing more. If they hold otherwise on that point but that a discrimination is practiced, they may correct that. The Registrar is bound to obey them. If they decide otherwise, there is no *res judicata,* for the commissioners, even when revised in point of law, are not a court.

▪ In Cook v. Davis, supra, we reversed a dismissal of the case where the State administrative remedy had not been sought, but directed that the case pend a reasonable time in the district court to give

---

1. Under Section 3205 the commissioners are appointed every two years in each county, take an oath of office, and are also conservators of the peace in the county.

opportunity to exhaust the administrative remedy. We shall do the same here though the circumstances are somewhat different. The Supreme Court lately in another case approved the procedure in Cook v. Davis, and prescribed that it be followed in the case before it.

The judgment dismissing the suit is reversed, and direction is given that it remain pending in the district court for a reasonable time to permit the exhaustion of State administrative remedies, and that thereafter such proceedings be had as may then appear to be lawful and proper.

Reversed with direction.