**MILLS et al. v. WOODS et al.**

No. 13369.

United States Court of Appeals, Fifth Circuit,

June 30, 1951.

M. Hendricks Brown, Fort Worth, Tex., for appellant.

U. Simpson Tate, C. B. Bunkley, Jr., both of Dallas, Tex., for appellee.

Before McCORD, RUSSELL and RIVES, Circuit Judges.

PER CURIAM.

The Board of Trustees of the Euless, Tarrant County, Texas Independent School District No. 95 discontinued the elementary school which had theretofore been maintained in the district for negroes. Arrangements were made for such students to attend classes in the Fort Worth School District, and safe and adequate transportation for this purpose was provided and furnished for the trip of some 15 miles. In the present suit, the action of the Board of Trustees was attacked as contrary to the law of Texas, and as a discrimination because of race, contrary to the Federal Constitution. The suit sought a declaration to this effect, and to enjoin a continuance of the alleged discrimination. The Court did not grant an injunction, but awarded the declaratory relief sought and adjudged the arrangement discriminatory and invalid. The school trustees, officially and as individuals, have appealed.

Upon the argument here, appellees conceded that no administrative appeal from the action of the Board of Trustees was attempted, although it was also conceded

---

that provision therefor is made by the laws of Texas. In these circumstances, upon application of the principles ruled in Cook v. Davis, 5 Cir., 178 F.2d 595, 602,[1] the Federal Court should not have adjudicated the issue unless, and until, the state administrative procedures had been exhausted. We make no ruling upon the merits, but we reverse and set aside the judgment of, and remand the cause to, the trial Court for action consistent with this opinion.

Judgment reversed and remanded.

---

1. Bates v. Batte, 5 Cir., 187 F.2d 142; Peay v. Cox, 5 Cir., 190 F.2d 123.