**TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellant,**

v.

Daniel William **SCOTT**, Jr., M.D., Appellee.

No. 11151.

Court of Civil Appeals of Texas.

Austin.

Feb. 19, 1964.

Rehearing Denied March 18, 1964.

Waggoner Carr, Atty. Gen., Fred D. Ward, Bill Morse, Jr., Asst. Attys. Gen., Austin, for appellant.

Davis & Gray, Houston, for appellee.

PHILLIPS, Justice.

Dr. Scott, the appellee in this Court, was charged before the Texas State Board of Medical Examiners with violation of the provisions of subdivisions (4), (5) and (12) of Article 4505, Vernon's Civil Statutes.

Article 4505, V.C.S., provides, when read in conjunction with Article 4506, V.C.S., that the abovementioned Board shall have the right to "cancel, revoke, or suspend the license of any practitioner of medicine upon proof * * * (4) Grossly unprofessional or dishonorable conduct, or a character which in the opinion of the Board is likely to deceive or defraud the public; (5) the violation, or attempted violation, direct or indirect, of any of the provisions of this Act, either as a principal, accessory, or accomplice; * * * (12) The impersonation of a licensed practitioner, or permitting, or allowing, another to use his license, or certificate to practice medicine in this State, for the purpose of treating, or offering to treat, sick, injured, or afflicted human beings."

The Order of the Board was as follows:

"On this the 18th day of August, 1962, came on to be heard before the Texas State Board of Medical Examiners, duly in session, a certain complaint filed with the Board on the 26th day of July, 1962, in which it was complained that Daniel William Scott, Jr., M.D., had violated the provisions of Sub-Divisions (4), (5) and (12) of Article 4505, Revised Civil Statutes of Texas, 1925, as amended, such violation being grounds for the cancellation, revocation or suspension of the license to practice medicine in the State of Texas, by Daniel William Scott, Jr., M.D., and the said Daniel William Scott, Jr., M.D., of Houston, Harris County, Texas, having appeared in person and through his Counsel, Mr. William Dorman, and the said charges and complaint having been read, and the evidence on said complaint and charges having been introduced and

heard, and after consideration of the charges and evidence, the Board is of the opinion that the charges contained in the complaint are true in so far as said charges relate to prescribing and administering amphetamine, amphetamine derivatives and compounds, barbiturates, barbiturate derivatives and compounds, and Class A narcotic drugs to known addicts, and also in so far as said complaint relates to prescribing and administering amphetamine, amphetamine derivatives, and compounds, barbiturates, barbiturate derivatives and compounds, and Class A narcotic drugs to patients of Daniel William Scott, Jr., M.D., under conditions which said Daniel William Scott, Jr., M.D., knew or should have known there was no therapeutic need for such patients, therefore

"IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED, that the license to practice medicine within the State of Texas, heretofore held by Daniel William Scott, Jr., M.D., be revoked and cancelled.

"Rendered and entered this 18th day of August, 1962."

Appellee then brought suit in the district court to permanently enjoin the Board from enforcing the abovementioned Order. The case was tried before a jury that found from the preponderance of the evidence that the doctor had prescribed certain barbiturates and narcotics to persons known to the doctor to be addicted to the use of such drugs and that such conduct constituted grossly unprofessional and dishonorable conduct of a character likely to deceive or defraud the public. The jury made several additional findings not pertinent to this opinion.

There is no dispute in that at the time appellee wrote the prescriptions in question he was duly licensed to practice medicine in the State of Texas and held a valid federal narcotics license.

**106**

Lawyers for the Board made a motion for judgment on the verdict, however the court on motion by appellee entered a judgment non obstante veredicto. The Board then perfected this appeal under the provisions of Rule 324, Texas Rules of Civil Procedure.

■ Appellant contends that the Trial Court erred in trying the case before a jury under the preponderance of the evidence rule and that the case should have been tried under the substantial evidence rule.

We hold that the appellant is correct in this contention.

■ The granting or revoking of licenses has been held to be an extension of the power of the legislature albeit performed by an administrative agency created by the legislature. This has been held in license cases involving optometry, pharmacy, dental practice and real estate. State Board of Examiners in Optometry v. Marlow, Tex.Civ.App., 257 S.W.2d 761; Garner v. Texas State Board of Pharmacy, Tex. Civ.App., 304 S.W.2d 530, writ refused; Texas State Board of Dental Examiners v. Fenlaw, Tex.Civ.App., 357 S.W.2d 185; Kost v. Texas Real Estate Commission, Tex.Civ.App., 359 S.W.2d 306, writ refused. This holds true even though the act provides that the trial shall be *de novo*. Such requirement is unconstitutional in that it breaches the traditional division of powers between the three departments of our state government. Chemical Bank & Trust Company v. Faulkner,Tex., 369 S.W.2d 427.

■ In a proceeding under the substantial evidence rule the party aggrieved by the administrative decision must assume the burden of satisfying the courts that the administrative decision is illegal, arbitrary or capricious; that is, that it is not reasonably supported by substantial evidence. Board of Firemen's Relief and Retirement Fund Trustees of Houston v. Marks, 150 Tex. 433, 242 S.W.2d 181.

In the case at bar the burden of proof was misplaced in that the Board was required to prove its case. The appellee presented no witnesses at all. The case has not been fully developed and in the interest of justice should be reversed and retried. London Terrace v. McAllister, 142 Tex. 608, 180 S.W.2d 619; Rule 434, T.R.C.P.

■ Appellee contends that the order of the Board is void as a matter of law in that it fails to affirmatively and clearly hold that appellee had violated the subdivisions of Article 4505, V.C.S. set out in the Order. We cannot agree with this contention. The Order states that the charges are brought under subdivisions (4) (5) and (12) of Article 4505. Subdivision (4) is "[g]rossly unprofessional or dishonorable conduct, or a character which in the opinion of the Board is likely to deceive or defraud the public." The Board then sets out in its findings the conduct of the doctor which, in its opinion, substantiates these charges.

■ In State Board of Medical Examiners v. Koepsel, 159 Tex. 479, 322 S.W.2d 609, the Court held that Section 4 of Art. 4505 includes "a doctor's grossly unprofessional or dishonorable conduct practiced under the cloak of a medical treatment." We hold that the conduct of appellee as found by the Board would be such conduct as to come within the provision of Sec. 4 of the Act set out above.

We reverse and remand this cause for a new trial.

Reversed and remanded.

## ON MOTION FOR REHEARING

■ This is the first time that the question of the constitutionality of the trial de novo provision of the medical practice act has been before the courts of this state. In order for the courts to pass on this question, it is necessary that it be raised. Wood v. Wood, 159 Tex. 350, 320 S.W.2d 807.

This Court held in Bradley v. Liquor Control Board, 108 S.W.2d 301, that the

cancellation of a permit to sell liquor under the Liquor Control Act is merely the exercise of an administrative function and that a permittee that is allegedly aggrieved by an order of the Board is not entitled on appeal to a trial de novo as if the Board had not acted on the matter, since, if the statute were to be construed as so authorizing, it would be unconstitutional as an attempt by the Legislature to confer administrative power and duties upon the judicial department.

In State Board of Medical Registration v. Scherer, 221 Ind. 92, 46 N.E.2d 602, the Supreme Court of Indiana held in connection with the revocation of a medical license:

"The granting and revocation of licenses to engage in trades, businesses, or professions is a ministerial function. Ministerial boards act as fact-finding bodies to ascertain whether applicants conform to a legislative formula by which the right to a license is fixed. It is well settled that under the division of powers, these ministerial fact-finding duties may not be delegated to courts, and that the so-called appeal provisions of statutes which undertake to vest in courts jurisdiction to try and determine de novo the facts entitling an applicant to a license, or to continue to operate under a license, must be treated as merely providing procedure by which the proceeding may be brought before the court for an investigation to determine whether the ministerial body has acted legally and within its powers. In all of such cases, if the ministerial board has conformed to a statutory procedural method, and its decision is supported by substantial evidence, its findings and determination will not be disturbed."

In affirming the administrative board's order revoking a dental license, the Supreme Court of Washington held:

"There is a distinction between the types of decisions rendered by different administrative agencies. Some agencies perform judicial or quasi-judicial functions; others exercise powers which are essentially administrative. Agencies exercising essentially administrative functions may, among other things, act as fact-finding bodies to ascertain qualifications of an applicant for a license; or they may act to determine whether the conduct of a practitioner, against whom a complaint has been lodged, conforms to the legislative formula by which the right to a license is fixed. If the power exercised by the agency is essentially administrative, the superior court, upon appeal provided by statute, is limited to a consideration of whether the agency acted arbitrarily, capriciously, or contrary to law. (Citing case.)

"The privilege of practicing dentistry is subject to regulation under the police power of the state. The power conferred by RCW 43.24.110, upon the director of licenses and two members of the profession appointed by the governor as a committee to hear complaints and revoke a dentist's license for cause, is essentially administrative. This administrative power is not one that courts historically were accustomed to perform or had performed prior to the statutory creation of the committee; nor a power with which the courts could have been invested." In the Matter of the Revocation of License to Practice Dentistry of Dr. H. N. Harmon, Licensee-Appellant et al., 52 Wash. 118, 323 P.2d 653.

In Jaffe v. State Department of Health, 135 Conn. 339, 64 A.2d 330, 6 A.L.R.2d 664; the Court held "The revocation of a certificate of registration granted to a physician and surgeon is just as much an administrative matter as is the original grant of it." Citing cases.

Federal Radio Commission v. General Electric, 281 U.S. 464, 50 S.Ct. 389, 74 L.Ed. 969, involved an application for renewal of

a radio license. The statute provided that the reviewing court "shall hear, review and determine the appeal upon said record and evidence, and may alter or revise the decision appealed from and enter such judgment as to it may seem just (44 Stat. 1169)". The Supreme Court of the United States branded the licensing function as "purely administrative," interpreted the statute as making the reviewing court "a superior and revising agency", and accordingly held that the Supreme Court could not review. The Supreme Court layed down the broad proposition in the General Electric Case that a constitutional court "cannot * * * participate in the exercise of functions which are essentially legislative."

Motion overruled.