**MISSION INDEPENDENT SCHOOL DIST. et al. v. ARMSTRONG. · (No. 154–3122.)**

(Commission of Appeals of Texas, Section A. June 2, 1920.)

**1. Schools and school districts ⊂⇒104—Tax levy for district gave it lien on personalty.**

In view of Rev. St. 1911, arts. 957, 958, 961, 7626–7628, under article 2853, conferring power of taxation on trustees of independent school districts, an independent school district by levy of tax by the collector acquired a lien on personal property within the district.

**2. Schools and school districts ⊂⇒104—Tax lien attached and became incumbrance on personalty when assessment was made.**

Under Rev. St. 1911, art. 2853, conferring power of taxation on trustees of independent school districts, in view of article 958, incorporated· by reference, which does not fix a specific date when the lien of taxes on· personalty shall attach, the lien created by a school district's tax levy attached and became an incumbrance on the property as soon as the assessment was made.

**3. Schools and school districts ⊂⇒104—Tax lien on personalty created by assessment not devested by sale under deed of trust.**

Lien on personalty created by an independent school district's assessment under Rev. St. 1911, art. 2853, having attached, was not devested by sale under a deed of trust, but the buyer took the property subject to the right of the district through its collector to enforce collection by levying on and advertising the property for sale to satisfy the lien.

**4. Schools and school districts ⊂⇒106—Purchaser at sale under trust deed of personalty whereon district had lien for taxes held liable on bond to release levy when taxes became due.**

Where to satisfy tax lien on personalty created by independent school district's assessment, the tax collector levied on and advertised it for sale, to prevent which a purchaser at sale under deed of trust gave the bond to release levy required by Rev. St. 1911, art. 7626, on the taxes becoming due the purchaser would be liable under the bond for the amount of taxes it was given to protect.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by George W. Armstrong against the Mission Independent School District and another. From judgment for defendants in plaintiff's suit and their cross-action, plaintiff appealed to the Court of Civil Appeals, which reversed and rendered (195 S. W. 895), and defendants bring error. Judgment of the Court of Civil Appeals reversed, and that of the trial court affirmed on recommendation of the Commission of Appeals.

H. F. Bishop, of Mission, for plaintiffs in error.

Geo. P. Brown, of Edenburg, for defendant in error.

SPENCER, J. The suit was by George W. Armstrong, defendant in error, to recover of the Mission independent school district and P. W. Barron, tax collector, plaintiffs in error, the sum of $405.60, which he had paid under protest for taxes due the district by the Mission Cotton Oil Company, a corporation, upon personal property purchased after the levy of the tax, for the years 1912 and 1913, but which were delinquent at the time of purchase. Plaintiffs in error filed a cross-action for $150 for taxes due for 1914.

The cause was tried upon an agreed state-

ment of facts, summarized as follows: The district assessed a school tax upon the property of the oil company for the years 1912, 1913, and 1914. January 6, 1914, the First National Bank of Brownsville sold the property at a trustee's sale under the provisions of a deed of trust which the company had executed and delivered to it; and Armstrong, a stockholder in the company, became the purchaser. Subsequent to the purchase, and after the taxes for 1912 and 1913 became delinquent, and after demand for payment, the tax collector levied upon the property and advertised the same to be sold for the delinquent taxes. Armstrong, who was at that time engaged in dismantling the property, paid the amount in order that he might not be inconvenienced in the work, and in order that he could remove it out of the county. The property consisted of buildings erected upon a railway right of way, with an agreement that it could be removed.

The trial court rendered judgment against Armstrong upon his action, and in favor of the district court and the tax collector upon their cross-action against Armstrong. The Court of Civil Appeals was of opinion that the taxes assessed against the company upon the personal property created no lien, and that it was not an obligation against Armstrong. The judgment upon the cause of action and the cross-action was reversed and rendered in favor of Armstrong. 195 S. W. 895. The writ was granted upon application referred to the Committee of Judges.

[1] The sole question presented for our determination is: Did the Mission independent school district by the levy of a tax by the collector have a lien upon the personal property within the district? Article 2853 of the R. C. S. conferring the power of taxation upon the trustees of independent school districts, reads:

"The trustees elected in accordance with the preceding article shall be vested with full management and control of the free schools of such incorporated town or village, and shall in general be vested with all the powers, rights and duties in regard to the establishment and maintaining of free schools, including the powers and manner of taxation for free school purposes that are conferred by the laws of this state upon the council or board of aldermen of incorporated cities and towns."

The article quoted adopts by reference, and incorporates into the act of which the article is a part, those articles conferring upon cities and towns the power of levying and collecting taxes. The articles pertinent to be considered here are 957, 958, and 961. The latter part of article 958 reads:

"The assessor and collector shall have full power to levy upon any personal property to satisfy any tax imposed by this title; all taxes shall be a lien upon the property upon which they are assessed, and, in case any property levied upon is about to be removed out of the city, the assessor or collector shall pro-

ceed to take into his possession so much thereof as will pay the taxes assessed and costs of collection."

Article 957 provides, in substance, that the assessor has the power to levy upon so much property liable to taxation as may be sufficient to pay the taxes due from the person owing the tax, and to advertise and sell the same to satisfy the taxes, cost, and fees. The only question of difficulty presented is, When does the lien given by article 958 attach? While defendant in error contends that the law nowhere gives a lien on personal property to secure the payment of taxes assessed thereon, he admits that it may provide a method of fixing such a lien. He relies upon articles 7626, 7627, and 7628 in support of his contention, and seems to think that these articles provide a method of fixing a lien if, in fact, one exists. These articles were incorporated by adoption into the act of which article 961 is a part, and they became likewise a part of the act now under consideration, by reason of having been adopted by article 2853. Article 7626 reads:

"If it comes to the knowledge of the collector that any personal property assessed for taxes on the rolls is about to be removed from the county, and the owner of such property has not other property in the county sufficient to satisfy all assessments against him, the collector shall immediately levy upon a sufficiency of such property to satisfy such taxes and all costs, and the same sell in accordance with the law regulating sales of personal property for taxes, unless the owner of such property shall give bond, with sufficient security, payable to and to be approved by the collector, and conditioned for the payment of the taxes due on such property, on or before the first day of January next succeeding."

The substance of article 7628 is that whenever it shall appear to the collector of taxes that any person who is delinquent in the payment of same has no property in the county to which the tax is owing, it shall be the duty of the collector to forward a certified schedule of taxes due to the collector of the county where he shall have reason to believe the delinquent has property, and the receiving collector is directed to seize and sell any property of the delinquent in the same manner as if the taxes were originally assessed and due in his county.

The provisions of these articles do not deal with the creation of liens, but were enacted for the guidance of the collector in the discharge of his duty, to the end that the power levying the tax may not suffer the loss of the assessment. Article 958 governs in so far as the creation of the lien is concerned, while article 957 provides the manner of the enforcement of the lien thus created. Crawford v. Koch, 169 Mich. 372, 135 N. W. 339.

[2] As article 958 does not fix a specific date when the lien given therein shall attach; and in the absence of a specific date, the lien

thus created attached and became an incumbrance upon the property as soon as the assessment was made. Carswell & Co. v. Habberzettle, 39 Tex. Civ. App. 494, 87 S. W. 911; Cruger v. Ginnuth, 3 Willson, Civ. Cas. Ct. App. § 24; 37 Cyc. 1142 (c).

[3] The agreed statement of facts shows that the taxes had been levied and assessed for 1912 and 1913, and were due and unpaid at the time of the trustee's sale under the deed of trust. The lien, thus created by the assessment having attached, was not divested by reason of the sale under the deed of trust. Defendant in error took the property subject to the right of the district, through its collector to enforce collection by levying upon and advertising it for sale to satisfy the lien. 37 Cyc. 1146.

[4] What has been said with reference to the lien for taxes for 1912 and 1913 also applies in so far as the taxes for 1914 are concerned. The assessments had been made for 1914, but the taxes were not due at the time of purchase by defendant in error. To protect the lien created by the assessment the collector levied upon and advertised the property for sale, and to prevent which, defendant in error gave the bond required by article 7626. Upon the taxes becoming due, the defendant in error would be liable under the bond for the amount of taxes which the bond was given to protect.

It is our opinion, therefore, that the judgment of the Court of Civil Appeals should be reversed, and that of the trial court affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.