## CASSIDY SOUTHWESTERN COMMISSION CO. v. DUVAL COUNTY et al. (No. 7399.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 14, 1925. Rehearing Denied Nov. 4, 1925.)

1. **Taxation ⬦581—Collector's possession of cattle assessed held, in effect, valid bond for taxes.**

Where tax collector agreed with cattle owner that 50 of herd might be left and balance removed from county, it was valid bond for taxes, under Vernon's Sayles' Tex. Ann. Civ. St. 1914, art. 7626, and mortgagee was unauthorized to take them from collector without settling taxes.

2. **Taxation ⬦509—Lien on cattle for taxes held superior to mortgage lien.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 7626, county had first lien on cattle for taxes superior to mortgage lien given by owner before or after assessment thereof.

3. **Taxation ⬦581—Mortgagor of cattle held authorized to place part with tax collector for purpose of bond.**

Since, under chattel mortgage, cattle did not pass from possession of mortgagor, and when taxes were assessed thereon cattle were still in his possession, he was authorized to place 50 of them with tax collector to serve purpose of bond, under Vernon's Sayles' Ann. Civ. St. 1914, art. 7626.

4. **Taxation ⬦342—Taxes not assessed against mortgagee as owner of cattle.**

Where cattle were mortgaged, taxes could not have been legally assessed against mortga-

gee as owner; it being merely holder of chattel mortgage without possession.

Appeal from District Court, Duval County; Hood Boone, Judge.

Action by the Cassidy Southwestern Commission Company against the County of Duval and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Perkins & Floyd, of Alice, for appellant. J. F. Clarkson, of San Diego, for appellees.

FLY, C. J. This is a suit to recover county taxes paid by appellant to appellees, the county and its commissioners' court, on 708 head of cattle, in the sum of $328.13. The allegations and proof show that the taxes were delinquent, but appellant seeks to avoid payment, on the ground that he had a mortgage on the cattle when the taxes were levied, and that his mortgage lien was superior to any tax lien on the cattle. It is said in the brief that there are two points to be presented to this court, to wit:

"Did the county of Duval by reason of the assessment against H. C. Storey have a valid and subsisting lien upon the cattle in question for the purpose of paying the taxes assessed against and due by H. C. Storey for the year 1922; and, second, if such lien did, in fact, exist, was the same a first and superior lien to the chattel mortgage lien held by appellant in this cause?"

The court answered these two questions in the affirmative and rendered judgment against appellant.

It is admitted that the taxes were properly assessed and were due and unpaid, and that the owner agreed with the sheriff and tax collector that he would leave 50 of the cattle in Duval county, when he was endeavoring to remove them from Duval county, and that the 50 steers could be held for the taxes. They were so held. Appellant had a mortgage on the cattle when they were assessed for the taxes of 1922. Appellant paid the taxes on all the cattle under protest.

[1] Article 7626, Vernon's Sayles' Tex. Civ. Stats.; provides that when any personal property assessed for taxation is about to be removed from the county, the collector, when the owner has no other property in the county, may levy on a sufficiency of the property to satisfy such taxes. The collector agreed with the owner of the cattle that 50 might be left and the balance removed, and that was to all intents a valid bond for the taxes under the cited statute. Nothing more could have been attained by a seizure and sale of the 50 cattle than was obtained by the agreement to leave the cattle with the collector. In fact costs were saved, the owner and mortgagee of the cattle were benefited and the provisions of article 7626, were complied with in spirit and purpose. The owner could have

given a bond for the payment of the taxes under the terms of said article, but proposed that instead of a bond he should leave 50 cattle with the tax collector, and the offer was accepted. They stood in the place of the bond, and appellant had no right or authority to take them from the tax collector without settling the taxes.

[2, 3] Under the terms of article 7627, the county had a first lien on the cattle, superior to any mortgage lien given by the owner before or after the assessment of the taxes. This is distinctly decided by the Commission of Appeals in Mission Independent School District v. Armstrong, 222 S. W. 201. The property under mortgage did not pass from the possession of the mortgagor to the mortgagee. When the taxes were assessed, the property was still in the possession of the owner, and he had the power and authority to place 50 of the cattle in the hands of the tax collector to serve the purpose of a bond for the taxes.

[4] The taxes could not have been legally assessed against appellant as the owner of the property, because it was not the owner, but merely the holder of a chattel mortgage, without possession of the chattels.

The judgment will be affirmed.