NELSON, County Treasurer, v. FIRST NAT. BANK OF SIOUX CITY, IOWA.*

SAME v. SECURITY NAT. BANK OF SIOUX CITY, IOWA.

Nos. 8731, 8732.

Circuit Court of Appeals, Eighth Circuit.

June 26, 1930.

See, also, 38 F.(2d) 261.

*Rehearing denied October 7, 1930.

A. R. Strong, of Sioux City, Iowa, for appellant.

Charles M. Stilwill, of Sioux City, Iowa (Deloss P. Shull, of Sioux City, Iowa, on the brief), for appellee First Nat. Bank.

Carlton M. Corbett, of Sioux City, Iowa (Edward M. Corbett, of Sioux City, Iowa, on the brief), for appellee Security Nat. Bank.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and OTIS, District Judge.

STONE, Circuit Judge.

These are actions by two national banks to restrain collection of asserted illegal taxes on their capital stock. The alleged illegality is that competitive moneyed capital of others is taxed, intentionally and consistently, at a lower rate. While no formal order of consolidation appears in the record, the cases were heard as consolidated and brought here on one bill of exceptions. From decrees of injunction, these appeals are brought.

The issues here have to do with the right of the appellees to enter into the merits of the controversy and as to the merits themselves.

I. Legal Remedy.

■ It is contended that the statutes of Iowa afford an adequate administrative remedy which the banks must exhaust before they can resort to a federal court. Unquestionably, all adequate administrative remedies must be exhausted before resort can be had to the courts. Gilchrist v. Interborough Co., 279 U. S. 159, 208, 49 S. Ct. 282, 73 L. Ed. 652. One of the remedies here intended is that claimed to be given by sections 7129, 7132, 7133, 7134, and 7136 of the Code of Iowa, 1924. Section 7129 provides for a local board of review. Section 7132 permits complaint to the board by "any person aggrieved by the action of the assessor in assessing his property." Section 7133 permits an appeal from the board to the district court. Sections 7134 and 7136 provide that such appeal shall be heard "in equity" de novo and that the court may "increase, decrease or affirm the amount of the assessment appealed from."

■ The above remedy of appeal from the assessor to the board of review is purely administrative and would appear to be adequate unless there are peculiar facts showing its inadequacy. This record contains no such facts and no such finding of fact by the trial court. The Munn Case (C. C. A.) 18 F.(2d) 269, is relied upon by appellees as governing this case and being an adjudication of such inadequacy. That decision was expressly based on "the peculiar facts of these cases" [page 272, of 18 F.(2d)], which were the difficulty of ascertaining the names of those competing with national banks and assessed on a different basis, and the shortness of time [page 273 of 18 F. (2d)] to make such investigation. This record seems to show the contrary as one of these banks took such an appeal—as to the tax for 1927. Unless we can say broadly that the above difficulties, pointed out in the Munn Case, are inherent in this statutory system of review under all circumstances, that case is not controlling. We think this would be an unwarrantable extension of that decision and that appellees must exhaust this administrative remedy of appeal to the board of review before they can come into court. Such a conclusion determines the case of the First National Bank as to both years (1926 and 1927) here involved. Also, it determines the case of the Security National Bank as to the year 1926, but as to the year 1927, that bank took such appeal, in vain.

■ Whether the Security National Bank is precluded as to the tax for 1927 depends upon whether the further step—appeal from the board to the district court—is a part of the administrative remedy. The district court is the regular trial court of the State judicial system. A state may clothe its courts with purely legislative (administrative) powers and, when exercising those powers, the court is not acting as a court but its officers and machinery are being used in its legislative character. Federal Radio Commission v. General Electric Co., 50 S. Ct. 389, 74 L. Ed. 969, opinion of Supreme Court filed May 19, 1930; Prentis v. Atlantic, etc., Line Co., 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150. However, it is always a vital question whether the court is acting in a judicial or in an administrative capacity because different important consequences flow from each. As soon as the administrative stage of action is completed, the judicial may begin and not before if that administrative procedure affords adequate opportunities of protection. Where the judicial stage begins, the parties may resort to any tribunal (state or federal) open to them and cannot be confined to the state courts through the mandate of state statutes. If in this appeal from the board to the district court that court acts judicially, then the ad-

ministrative stage has ended with the action of the board of review and thereafter the complaining party cannot be confined to the appeal to that court but can choose any forum available to him. We think the district court in such an appeal acts judicially. The reasons are as follows: the statute itself (section 7134) declares that the court "shall hear the appeal in equity"; it declares, also, that it shall "determine anew all questions arising before the board which relate to the liability of the property to assessment or the amount thereof"; such decisions by the District Court pass, as ordinary judicial proceedings, to the State Supreme Court by appeal (First Nat. Bank v. Board of Review, 200 Iowa, 131, 204 N. W. 223; First Nat. Bank v. Board of Review, 199 Iowa, 1124, 201 N. W. 769); the questions passed upon are as to existing matters and not as to future conditions. All of the above are characteristics of judicial action and some of them are inconsistent with legislative action. So far as this contention is concerned, the Security National Bank was (as to the 1927 tax) not precluded from the present action because it failed to pursue the remedy of appeal to the district court of the state.

■ A further contention is that an adequate remedy at law was provided by section 7235 of the Iowa Code, 1924. That section provides for refund of "any tax or portion thereof found to have been erroneously or illegally exacted or paid." This refund is secured through an order by the board of supervisors to the treasurer. The contention is that appellees should have paid the tax and then applied to the board of supervisors for refund. If this remedy were open to appellees, the argument would be very forceful (Henrietta Mills v. Rutherford County, North Carolina et al., 281 U. S. 121, 50 S. Ct. 270, 74 L. Ed. 737, April 14, 1930), but the Supreme Court of Iowa has recently (December, 1924) determined that the words "found to have been erroneously or illegally exacted or paid," in the above section, are confined to taxes "levied without statutory authority, or levied upon property not subject to taxation, or by some officer or officers having no authority to levy the same, or is in some other similar respect illegal" and does not include cases where "property was erroneously classified by the assessor, and listed for taxation on the basis of banks and loan and trust companies, and not on the basis of moneys and credits" (Griswold L. & C. Co. v. County of Calhoun; 198 Iowa, 1240, 1245, 201 N. W. 11, 12), because, in

the latter instance, the complaint is of an "irregular" not an "invalid" tax. Such remedy is not here adequate—in fact, is no remedy at all. Ohio Oil Co. v. Conway, 279 U. S. 813, 815, 49 S. Ct. 256, 73 L. Ed. 972.

As to this branch of the case, our conclusion is that the appellees were precluded because of failure to appeal to the board of review, except as to the 1927 tax of the Security National Bank where such appeal was taken and, as to that tax, the action here is not precluded.

## II. Nonpayment of Taxes Due.

Another contention is that the banks must pay or offer to pay the tax concededly due before they can enter a court of equity. This claimed error was not assigned. Also, it is asserted, in the brief, by appellees that these taxes were paid upon entry of the decrees below under a stipulation. Therefore, the matter has now become moot.

## III. Estoppel.

■ Appellant claims an estoppel because the banks returned part of their property as "moneys and credits" and are now barred from claiming that the same class of loans and investments are "moneyed capital in competition with complainants." The matters so returned were loans and investments in the trust departments of the banks. An estoppel requires not only action or conduct by the one to be estopped but reliance and action thereon by the one urging the estoppel. No such reliance or action is here shown, but it is clear that such conduct of the banks had no influence upon the assessing officials.

## IV. Merits.

■ There is no dispute that large amounts of money used for loans and purchase of notes, bonds, and securities, and such purchases and loans were intentional and consistently assessed and taxed as "moneys and credits" at very much less than national bank stocks. The only issue is as to whether such money and credits were in "competition" with the money of national banks. The evidence showed more than $2,000,000 of such character of money and credits on the assessment list for 1927. This money was employed in various kinds of loans or in purchasing various kinds of notes and securities. In each one, the money was used for a loan, with or without various security, or was used to purchase securities of various sorts. In defining when money is brought in competition with national banks so as to be

within the protection of the national statute (12 USCA § 548), the Supreme Court has said that such money was so competitive "where it is employed, substantially as in the loan and investment features of banking, in making investments, by way of loan, discount or otherwise, in notes, bonds or other securities with a view to sale or repayment and reinvestment." First National Bank of Guthrie Center v. Anderson, 269 U. S. 341, 348, 46 S. Ct. 135, 138, 70 L. Ed. 295. This money was, within the above definition, competitive. On the merits, the Security National Bank should prevail as to the 1927 tax.

### Conclusion.

The case of the First National Bank should be reversed with directions to dismiss the bill at the costs of that bank. The case of the Security National Bank should be reversed with directions to dismiss the bill as to the 1926 tax and to enter decree enjoining collection of the 1927 tax at a higher rate than 6 mills as levied on "moneys and credits."