**BAUMANN, Collector of Revenue for City of St. Louis, Mo., v. SHEEHAN.**

**No. 12558.**

Circuit Court of Appeals, Eighth Circuit.

Feb. 14, 1944.

748

James A. Waechter, Donald Gunn, and Eugene M. Guise, all of St. Louis, Mo., for appellant.

George O. Durham, of St. Louis, Mo., for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment entered in a reorganization proceeding by a bankruptcy court reducing certain tax assessments against property of the debtor.

The liquidating trustee petitioned the court for authority to pay the Collector of Revenue for the City of St. Louis such amounts as the court should consider fair and equitable on the real properties of the debtor, Schorr-Kolkschneider Brewing Company. In his petition he alleged that the taxes for the years in question, 1936 to 1942, both inclusive, were based upon assessed valuations of the real property of the debtor, which were substantially a continuation of the values adopted for years prior to the institution of the reorganization proceedings; that the appraised values were adopted by appraisers at the beginning of the proceedings, at a time when the brewing business was being conducted and the real estate employed therein; that the values realized on liquidation are those for which the real estate is being sold; that for the most part the taxes are those levied against the real estate during the time when it was held by petitioner as trustee or as liquidating trustee by appointment; that real estate Tract No. 1 was assessed for the seven years at an average valuation of $15,430; that it was appraised while a part of the debtor's plant in operation at $8,000 and was being sold by order of court, free and clear of encumbrances, for $8,000; that real estate Tract No. 2 was assessed for the seven years involved at an average valuation of $106,000, and that it was appraised while a part of the debtor's plant in operation at approximately $19,000, and was being sold by order of court, free and clear of encumbrances, for

approximately $15,000, the sales price being approximately 15 per cent of the assessed valuation. The petition then alleges that:

"Your petitioner respectfully represents that the matter of these taxes presents a situation in which the Court should exercise a jurisdiction in equity under the Bankruptcy Law to determine and order paid a fair amount under the circumstances in full satisfaction and discharge of said tax.

"Your petitioner believes that a payment of 50%, or $1,652.07, on account of Tract No. 1; and of 15%, or $4,013.62, on account of Tract No. 2, would be fair and equitable under all the circumstances."

A voluntary petition for reorganization of the Brewing Company was filed on December 12, 1936, under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, and on January 28, 1937, the debtor was adjudged a bankrupt and liquidation was ordered by the court.

The trial court made a finding as follows:

" * * * that the said assessments are so grossly excessive as to compel the Court to the conclusion that they probably were made either as the result of inadvertence and mistake, or were made by carrying into each successive year the assessment of the prior year, all made originally of the property as part of a going business and without giving any consideration to the changing and changed character of the property as affecting the value thereof, and without having made any actual reassessment thereof from time to time through which to give consideration to the fact of rapidly depreciating and vanishing value of the property."

The court found the fair value of Tract No. 1 to be $8,000 for the years in question, and for the same period found the value of Tract No. 2 to be $15,000. The tax as assessed and levied by the state taxing authorities on Tract No. 1 was reduced to $1,914.34, and on Tract No. 2 was reduced to $4,518.91.

On this appeal appellant challenges the jurisdiction of the bankruptcy court to reduce these assessed valuations. He does not question the sufficiency of the evidence to sustain the findings of the court. Appellee, in support of the action of the court and its jurisdiction cites Section 64, sub. a of the Bankruptcy Act, sec. 104, sub. a, Title 11 U.S.C.A. That section, so far as here pertinent, provides that the courts shall have power to determine that,

"The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates * * * shall be * * * (4) taxes legally due and owing by the bankrupt to the United States or any State * * *: Provided, *. * * That, in case any question arises as to the amount or legality of any taxes, such question shall be heard and determined by the (bankruptcy) court * * *."

The Supreme Court, in Arkansas Corporation Commission v. Thompson, 313 U. S. 132, 61 S.Ct. 888, 890, 85 L.Ed. 1244, in considering the power conferred by this statute, among other things said:

"For we are of opinion that the Congressional language giving to the bankruptcy court power to determine the 'amount or legality' of taxes does not mean that the court is given power to redetermine and revise the property value finally fixed by a state under the circumstances revealed by the trustee's petition, even though that value is the basis used in computing the amount of taxes 'legally due and owing.' "

The power to redetermine and review property values as fixed by the state authorities for taxation purposes is not conferred by this statute. In Missouri, taxes against real property are a lien. Article X, Section 3 of the Missouri Constitution, Mo.R.S.A., provides that taxes shall be uniform upon the same class of property within the territorial limits of the authority levying the tax, and all taxes shall be levied and collected by general law. Article X, Section 4, provides that all property subject to taxation shall be taxed in proportion to its value. Section 10981, R. S.Missouri 1939, Mo.R.S.A., makes it the duty of the assessor to value and assess all property on his books at its true valuation in money at the time of the assessment. A valuation fixed by the tax officials will not, under the decisions of the Missouri appellate courts, be interfered with in equity unless it is so grossly excessive as to be inconsistent with an exercise of honest judgment, or so unequal and discriminating as to violate the fundamental law of the land. Columbia Terminals Co. v. Koeln, 319 Mo. 445, 3 S.W.2d 1021. To warrant an interference by a court of equity, fraud must appear in the "very concoction," and such a fraud is not estab-

lished by a mere showing of an overvaluation which might have resulted from mistake or error of judgment, but it must be made to appear that the assessment is so grossly excessive as to be entirely inconsistent with an honest exercise of judgment. St. Louis Electric Bridge Co. v. Koeln, 315 Mo. 424, 287 S.W. 427; T. J. Moss Tie Co. v. Allen, Mo.App., 8 S.W. 2d 1038.

■ It is well established that under certain special circumstances a court of equity in Missouri may interfere with the assessment of property where the valuation is clearly so excessive as to amount to a legal fraud. Quite aside from the provision of the Bankruptcy Act conferring authority on the bankruptcy court to determine questions arising as to the amount or legality of taxes, that court, for the purposes of bankruptcy, has jurisdiction in equity as well as at law. Title 11 U.S.C.A. § 11; Burns Mortgage Co. v. Bond Realty Corp., 5 Cir., 47 F.2d 985. The jurisdiction of a Missouri court in such case is in equity. In such a case the court does not act as an administrative body but in its judicial capacity. The judicial field may be entered, however, only when the administrative functions have been performed. City Bank Farmers' Trust Co. v. Schnader, 291 U.S. 24, 54 S.Ct. 259, 78 L.Ed. 628; Nelson v. First Natl. Bank, 8 Cir., 42 F.2d 30. In the exercise of its equitable jurisdiction, the lower court, sitting as a court of bankruptcy in the State of Missouri, had the same power to hear the case presented by the petition in this case as a Missouri Court of equity would have had. If a Missouri court of equity would not have had power to act, neither would the court of bankruptcy. If the rule were otherwise, it would make the bankruptcy court a "super-assessment tribunal" over the state taxing agencies, which broad power was not intended to be conferred by Congress. Arkansas Corporation Commission v. Thompson, supra.

In the instant case, the assessor made the initial assessments in question as required by statute. No further action was taken by the debtor or bankrupt as to the valuations determined by the assessor, either before or after bankruptcy. Article IV of Chapter 74 of the Revised Statutes of Missouri, 1939, creates the State Tax Commission of Missouri (Secs. 11009 et seq., R.S. 1939, Mo.R.S.A.). This commission exercises general supervision over all assessing officers of the state, considers complaints as to property improperly assessed, corrects any errors which may be found in assessment rolls, raises or lowers the assessed valuation of real or personal property, and may raise or lower the assessed valuation of any real or personal property of any individual, co-partnership, association or corporation. Sec. 11027, R.S.Mo.1939, Mo.R. S.A. It has power to issue subpœnas, examine witnesses under oath, and to examine the books, papers and accounts of any corporation, firm or individual owning property liable for assessment for taxation. Sec. 11026, R.S.Mo.1939, Mo.R.S.A. The supervisory power of this commission over taxation procedure, including its power over assessment of individual property, was carefully considered by the Supreme Court of Missouri, and the authorities reviewed, in the case of Brinkerhoff-Faris Trust & Savings Co. v. Hill, 323 Mo. 180, 19 S.W. 2d 746, 751. In the Brinkerhoff case the court refers to the applicable constitutional and statutory provisions and reviews its prior decisions. It holds that even one claiming a fraudulent and discriminatory assessment must exhaust his statutory remedy before seeking relief in a court of equity. In the course of the opinion, the court, among other things, says:

"To permit taxpayers throughout the state, who feel aggrieved through alleged discriminatory assessments of their property, to stand silently by until after the taxes have become due and are pressed for collection, and then resist their payment by injunction would produce an intolerable condition. The collection of the revenue would be so obstructed that both state and local governments would be seriously crippled, if nothing more. Had appellant made timely complaint to the state tax commission, the commission and the state board of equalization, to which it renders an auxiliary service, would, it must be presumed, have at once corrected the alleged discrimination in the assessments, and the state, county, and the road and school districts would have received punctually, and without abatement, the revenue accruing to each of them respectively under the law. It was clearly guilty of laches in not so doing.

"We do not recede from any of the positions taken in the Schlotzhauer case [Boonville Nat. Bank v. Schlotzhauer, 317 Mo. 1298, 298 S.W. 732, 55 A.L.R. 489]; we merely supplement its holdings by the

further holding that a taxpayer, *who is aggrieved by a fraudulent assessment of his property, is not entitled to relief in a court of equity until he has first exhausted the remedies afforded by the statute.* (Italics supplied)"

■ In that case the court held that the commission had all the power of original assessment, that it could raise or lower the assessment valuation of real or personal property, either in specific instances or by classes. Applying this same rule, the Supreme Court has denied the right of the taxpayer to maintain a suit in equity to enjoin enforcement of an alleged improper assessment unless and until he has exhausted the administrative remedy provided by statute. State ex rel. City of St. Louis v. Caulfield, 333 Mo. 270, 62 S.W.2d 818; Wiget v. City of St. Louis, 337 Mo. 799, 85 S.W.2d 1038, 100 A.L.R. 1284; State ex rel. Merritt v. Gardner, 347 Mo. 569, 148 S.W.2d 780. The assessments here in question were for the most part made while the property was in possession and under the control of the appellee liquidating trustee. It was made his duty by statute to pay the taxes legally . due and owing. He was therefore charged with knowledge of the proceedings taken by the taxing authorities and it was his duty to pursue such administrative remedies as the statutes of Missouri provide, if he desired to complain of the assessments as determined by the taxing authorities. In failing to take any action, he was, in the words of the Supreme Court of Missouri in the Brinkerhoff case, supra, "clearly guilty of laches in not so doing." A court of equity will not lend its aid to a party who, having had available a remedy at law, has intentionally or negligently omitted to pursue it. The Federal courts have adhered to this same rule and refused equitable relief where the taxpayer has failed to seek relief in the administrative tribunals of the state and the remedies they afford. City Bank Farmers Trust Co. v. Schnader, supra; Keokuk & Hamilton Bridge Co. v. Salm, 258 U.S. 122, 42 S.Ct. 207, 66 L.Ed. 496; First Natl. Bank of Greeley v. Board of Commissioners, 264 U.S. 450, 44 S.Ct. 385, 68 L.Ed. 784; Nelson v. First Natl. Bank, 8 Cir., 42 F.2d 30; Beck v. Missouri Valley Drainage Dist., 8 Cir., 46 F.2d 632, 84 A.L.R. 1089; Kansas City So. Ry. Co. v. Cornish, 10 Cir., 65 F.2d 671; Panitz v. District of Columbia, 72 App.D.C. 131, 112 F.2d 39.

It is strenuously argued that this rule is not applicable where the assessment is tainted with fraud. First, we should note in passing that the petition presented to the lower court contains no allegation of fraud. In other words, the jurisdiction of the court was not invoked on that ground. Neither did the court specifically find fraud. At any rate, neither the allegations of the petition nor the findings of the court are sufficient, we think, to escape the rule announced in the Brinkerhoff case, to the effect that a taxpayer who is aggrieved by fraudulent assessment is not entitled to relief in a court of equity until he has exhausted the remedies provided by the statute.

As already observed, the Bankruptcy Act expressly enjoins upon the trustee the duty to pay all taxes legally due and owing. The Act is not an amendment of the tax laws of any state. Yocum v. Rothensies, 3 Cir., 87 F.2d 200; Arkansas Corporation Commission v. Thompson, supra. Cases in the Federal courts, holding that there was a general power in a court of bankruptcy to revise state taxes assessed or levied on the property of the bankrupt, can not now, in view of the decision of the Supreme Court in Arkansas Corporation Commission v. Thompson, supra, be accepted as controlling. The trial court, in striking down the assessments here in question, proceeded to act as a higher authority than the state taxing officers and boards, and exceeded, we think, the equitable powers of a court of bankruptcy under controlling equitable rules.

The judgment appealed from is therefore reversed and the cause remanded for such further proceedings as may be appropriate, consistent with this opinion.