In re LONE STAR AIR CARGO LINES, Inc.

No. 4153.

District Court, N. D. Texas, Dallas Division.
July 16, 1948.

John C. Ford, of Dallas, Tex., for City of Dallas.

William P. Fonville, Asst. U. S. Atty., of Dallas, Tex., for Collector of Internal Revenue.

Webster Atwell, of Dallas, Tex., for trustee.

ATWELL, District Judge.

The liabilities, secured and unsecured, of the bankrupt were in the aggregate of $230,000. The mortgaged assets sold for approximately $79,000, free of all liens and claims. The mortgage liens aggregated around $131,000. The property of the bankrupt consisted solely of personal property.

The City of Dallas has filed a claim for taxes upon personalty in the sum of approximately $2,800; the Collector of Internal Revenue has filed a claim for taxes in the sum of nearly $20,000. The City of Dallas claims a lien dating from January 1, 1947, to secure its claim for ad valorem taxes for said year, whereas the Collector of Internal Revenue does not claim a lien.

The contest is between the City of Dallas and the Collector of Internal Revenue, and the issue is whether the tax claim of the City of Dallas should be paid ahead of the tax claim of the Collector of Internal Revenue, or whether the claims of both should be on a parity.

The bankruptcy took place on February 26, 1947. The assessment rolls of the City of Dallas upon taxes on the personal prop-

erty involved for the year 1947 were approved by the City Council and the assessment was made on September 23, 1947.

The Referee denied the City of Dallas the right to participate as a lien-holding creditor, because its taxes were not assessed until September 1947. The Referee also revised and reduced the claim of the City to $384.50, on the ground that the City's assessment should be only upon property that was unencumbered by valid mortgages, and when such calculation is made its tax claim is reduced to said amount. The Referee is sustained in his holding that the City of Dallas had no statutory lien for taxes before bankruptcy, but is reversed in reducing the tax claim of the City because the Bankruptcy Court has no right to revise or reduce the City's claim.

■ Unless the City of Dallas had a lien inchoate or otherwise prior to bankruptcy, its claim for taxes would be accorded a priority provided in Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104, and would share equally with the Collector of Internal Revenue. On the other hand, if it had a lien prior to bankruptcy, it would be paid prior to the claim of the Collector of Internal Revenue, but after administration expenses and wages as set out in classes 1 and 2 of Section 64 of the Bankruptcy Act, because the claim is based upon taxes on personal property and there was no possession of such property taken by the City. Therefore, under Section 67 of the Bankruptcy Act, the City's claimed lien would be postponed. 11 U.S.C.A. § 107.

■ The answer to the question: Has the City a lien?, must be found in the state laws. The important article is Vernon's Ann.Civ.St.Tex. art. 1060, "Cities and Towns": "The assessor and collector shall have power to levy upon any personal property to satisfy any tax imposed by this title. All taxes shall be a lien upon the property upon which they are assessed, and in case any property levied upon is about to be removed out of the city, the assessor and collector shall proceed to take into its possession so much thereof as will pay the taxes assessed and the cost of collection." This is the only statute which provides for any lien in favor of the City on personal prop-

erty. It claims the right of a lien on January 1st of each year. If the charter and ordinance claims are not in conflict with the statutory provisions of the State of Texas, the City will be correct; but where such provisions of the City charter or ordinance, as applied, are in conflict with the provisions of the state laws, they are invalid. Prescott v. City of Borger, Tex.Civ.App., 158 S.W.2d 578; City of Lubbock v. South Plains Hardware Co., Tex.Civ.App., 111 S.W.2d 343; City of Beaumont v. Fall, 116 Tex. 314, 291 S.W. 202; Mission Independent School District v. Armstrong, Tex. Com.App., 222 S.W. 201.

■ In discussing Article 1060 (which was then 958), the Supreme Court, in the Mission Independent School District case, supra, states [222 S.W. 202]: "As article 958 does not fix a specific date when the lien given therein shall attach; and in the absence of a specific date, the lien thus created attached and became an encumbrance upon the property as soon as the assessment was made."

Since these cases correctly reflect the state of appellate wisdom on this question, the City had no lien until September 23, 1947, considerable time after the bankruptcy. This would leave the City and the Collector on a parity and for parade rights under Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104.

There is nothing in City of Dallas v. Ryan, 5 Cir., 62 F.2d 959, contrary, nor is it the law today. There the taxes were for several years prior to bankruptcy, and including the year of bankruptcy, and no facts were shown that the assessments for taxes upon personal property were not all made prior to bankruptcy, in which event the lien for such taxes arose prior to bankruptcy. Additionally, the Ryan case is not the law today, in view of the amendment of the Chandler Act in 1938, which provides that the liens for personal property taxes where no possession has been taken shall be postponed to the first two classes of the priority section irrespective of the lien. 11 U.S.C.A. § 104—being Sec. 64 of the Bankruptcy Act.

The cases of New York v. Hall, 2 Cir., 139 F.2d 935, and City of New Orleans v.

Harrell, 5 Cir., 134 F.2d 399, also hold that liens referred to for taxes must have arisen prior to bankruptcy, although they were perfected after bankruptcy.

Upon the question of the power of the Bankruptcy Court to revise and reduce the City's claim for taxes, the case of Robertson v. Goree, 5 Cir., 29 F.2d 261, is not in point; but Henderson County v. Wilkins, 4 Cir., 43 F.2d 670, seems to sustain the Referee, as well as the cases of New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L. Ed. 284, and In re Fuoco, D.C., 22 F.Supp. 808, and In re E. C. Fisher Corp., D.C., 229 F. 316. On the other hand, In re Gould Mfg. Co., D.C., 11 F.Supp. 644, holds to the contrary, that the Bankruptcy Court has no power to review the action of the taxing authority.

The riddle seems to be solved by Arkansas Corp. Commission v. Thompson, 313 U.S. 132, 61 S.Ct. 888, 890, 85 L.Ed. 1244, definitely holding that the Bankruptcy Court does not have such power. It is said therein: "For we are of the opinion that the Congressional language giving to the bankruptcy court power to determine the 'amount or legality' of taxes does not mean that the court is given the power to redetermine and revise the property value finally fixed by a state under the circumstances revealed by the trustee's petition, even though that value is the basis used in computing the amount of taxes 'legally due and owing.'"

Following this case, the Eighth Circuit, in Baumann v. Sheehan, 140 F.2d 747, refused the Bankruptcy Court the power to act as super assessment tribunals over state taxing agencies and to revise and reduce such taxes.

Therefore, the City of Dallas has a claim for its taxes on personal property in the amount filed by it, and its claim should be classed as a prior claim along with that of the claim of the Collector of Internal Revenue, under Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104.

The result is that what has happened by the Referee's finding as to the City's claim must be shaded so as to permit the City to come in with its claim and be ruled by the bankruptcy provision as to priority.