**CITY OF AMARILLO, Amarillo Independent School District, et al., Appellants,**

v.

**W. S. EAKENS and Lloyd King, Reorganization Trustees, Appellees.**

**No. 25139.**

United States Court of Appeals
Fifth Circuit.
Aug. 27, 1968.
Certiorari Denied Jan. 20, 1969.
See 89 S.Ct. 688.

**542**

R. A. Wilson, C. J. Taylor, Jr., Underwood, Wilson, Sutton, Heare & Berry, Amarillo, Tex., for appellants.

Robert Page Smith, Lumpkin, Watson & Smith, Amarillo, Tex., for appellees.

Before THORNBERRY and SIMPSON, Circuit Judges, and ATKINS, District Judge.

SIMPSON, Circuit Judge.

We review on appeal an affirmance by the district court of an order entered by a referee in bankruptcy (Referee hereinafter) that reduced substantially the real and personal taxes claimed by local taxing authorities (appellants hereinafter).

During a Chapter X proceeding for the reorganization of the Herring Hotel Corporation the reorganization trustees (Trustees hereinafter) filed objections to tax claims submitted by the appellants. The Trustees felt that the taxes should be disallowed; or in the alternative should be allowed only in part. In support of their objections, they asserted:

(1) that the taxes were based upon an assessed valuation which was so grossly excessive as to be void;

(2) that the taxes were based upon a set formula rather than being based upon the market value of the property as required by the Texas Constitution.

The appellants replied, urging that the objections be dismissed upon the ground that the bankruptcy court lacked the jurisdiction to deny or to scale down the claims.

The Referee concluded that the bankruptcy court had the power to redetermine the assessments for the years 1962, 1963 and 1964 because questions as to the amount or the legality of the taxes had not, prior to bankruptcy, been contested before or adjudicated by a judicial or administrative tribunal of competent jurisdiction. He concluded that the bankruptcy court lacked authority to redetermine the assessments for the years 1965 and 1966 as the Trustees had appealed assessments for those years to the Potter County Board of Equalization.[1]

---

1. The appellants filed a claim for real and personal property taxes for the years 1962 through 1965. The claim for real property taxes amounted to $103,352.06 and the Referee allowed a total of $41,170.48. Four witnesses appeared for the Trustees on the question of the real property valuation of the hotel. Their estimates ranged from "no value" to $349,170. The tax assessor had valued the property at between $800,000 and $1,000,000 for the years in dispute. With respect to personal property taxes, a claim for $9,477.17 was filed and the Referee allowed $1,000.00. Thus, of the $112,839.23 claimed by the appellants, the Referee allowed amounts totaling $42,170.48. Curiously, the Referee made an erroneous addition of the allowed amounts which was picked up by the district judge in his order allowing claims (the order appealed from), and which neither party to the appeal has noted on brief. (See pages 61, 69 and 156 of the

The appellants petitioned the district court for review of the Referee's order. Following a hearing, the district court entered an order in conformity with the findings of the Referee.

We affirm.

 Essentially we are confronted with the question of whether or not the bankruptcy court had the legal power to make a redetermination of the disputed tax claims. The appellants urge that the court did not have such power and suggest a variety of grounds for the reversal of the order entered below. The arguments of the appellants to the contrary, we conclude that the bankruptcy court had jurisdiction in the matter and possessed the power to make a redetermination of the tax claims.

In 1966, in order to clarify the existing confusion relating to the general jurisdiction of the bankruptcy courts, Congress amended subdivision (a) of section 2 of the Bankruptcy Act (11 U.S.C. § 11), giving the courts of bankruptcy the jurisdiction to:

"(2A) Hear and determine, or cause to be heard and determined, any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction * * * *"

By its plain terms this statute authorized the action taken by the Referee. He made a redetermination of the taxes due for the years 1962–1964 as the taxes for those years had not been contested. He refused to make a redetermination for 1965 and 1966, the years that the taxes were contested before the Potter County Board of Equalization.

The appellants have cited several cases to bolster their position but these cases are not persuasive when considered in light of the amendment to section 2 of the Bankruptcy Act. We are referred to Arkansas Corporation Commission v. Thompson, 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244 (1941), where the Supreme Court held that a bankruptcy court could not make a redetermination of ad valorem taxes based upon property values fixed by a state through its specially constituted quasi-judicial agency. The facts of the *Arkansas* case differ from those of the case before us. In *Arkansas,* unlike the case at hand, the property assessment which gave rise to the disputed tax claim had been contested before a quasi-judicial agency of the state at a hearing in which the trustee in bankruptcy was a participant. In support of the proposition that bankruptcy courts are deprived of jurisdiction in those instances where appearances before boards of equalization or other such remedies provided by state law have not been exhausted, appellants cite Baumann v. Sheehan, 8 Cir. 1944, 140 F.2d 747. This and similar cases cited by the appellants for the same proposition are no longer appropriate in light of the changes wrought by the 1966 amendment.

We disagree with the appellants' conclusion that the 1966 amendment to section 2 of the Bankruptcy Act leaves unchanged the principles enunciated in the cases they have cited. In actuality the effect of the amendment is to negate those decisions and to confer jurisdiction upon the courts of bankruptcy to hear and determine questions as to

printed Record). The tabulation is as follows:
"(1) The claim for taxes business personal:
 filed for $9,477.17
 allowed for $1,000.00
(2) The claim for real estate ad valorem taxes:

| Year | Filed | Allowed |
| --- | --- | --- |
| 1962 | $31,426.09 | $ 8,000.00 |
| 1963 | 29,436.53 | 8,000.00 |
| 1964 | 25,318.96 | 8,000.00 |
| 1965 | 17,170.48 | 17,170.48 |
| Total allowed | | $35,170.48" |

Obviously the allowance for real estate ad valorem taxes should total $41,170.48, not $35,170.48 as appears in the record. In affirming, we assume that the allowances for the respective years in question control, rather than the erroneous total.

amount or legality of tax claims where said claims have not progressed to an adjudication before an administrative, judicial or quasi-judicial body of competent jurisdiction. The amendment should be construed as a remedial effort, designed to alleviate an unfortunate situation in which many bankrupts and their creditors are placed. This situation is well-described in Collier on Bankruptcy:[2]

> "[D]ebtors financially involved are not always vigilant in the exercise of their rights to challenge tax claims or secure abatements; their managements may be inept, incompetent, uninterested, or dishonest; indeed, they may be under pressure to accept over-assessments which may aid in maintaining a credit standing or commercial rating."

The amendment, by authorizing redeterminations in those instances where the tax claim was never appealed, serves to protect creditors of the bankrupt from the bankrupt's lack of diligence or interest.

■ One further point raised on appeal is that the validity of the disputed tax claims should be determined according to the law of Texas. Article VIII, Section 1, of the Texas Constitution, Vernon's Ann.St. provides that all property, whether owned by natural persons or corporations, is to be taxed in proportion to its value, which is to be ascertained as provided by law. The term "value" as used in the Texas Constitution has been interpreted to mean "the reasonable cash market value" of the property. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569 (1954). Thus, the Referee was bound to determine the amount of the tax claim in light of the reasonable cash market value of the property. After hearing testimony on the question of the value of the Herring Hotel, he concluded that the assessments had been grossly excessive and he reduced the appellants' tax claim accordingly. This finding is amply supported by evidence contained in the record of the proceeding below. It follows that the order of the district court upholding the Referee's decision was right.

Affirmed.

---

2. 6A Collier on Bankruptcy 183 (14th ed. 1965).