

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

June 6, 1972

Honorable Frank Hildebrand
Texas Tourist Development Agency
Box 12008, Capitol Station
Austin, Texas 78711

Opinion No. M-1148

Re: Authority of Texas Tourist
Development Agency to dis-
burse State funds directly
to entities and individuals
to accelerate the developme
of Texas tourism program.

Dear Mr. Hildebrand:

We are in receipt of your recent opinion request, posing the following question:

"Whether the Texas Tourist Development Agency
can draw State vouchers in favor of the Confederate Air
Force, the Lower Rio Grande Valley Chamber of Com-
merce, and the McAllen Chamber of Commerce, to be
used for their individual travel promotion during the U.S.
International Transportation Exposition in Washington,
D. C. 27 May - 4 June, 1972?"

You have advised us that on or about April 20, 1972, Governor Prestoi
Smith, acting upon simple resolutions unanimously adopted by the Texas Senai
and House of Representatives on March 30, 1972, during the first called ses-
sion of the 62nd Texas Legislature, transferred $25,000.00 from his office fu
to the Texas Tourist Development Agency to be used "to accelerate the develo
ment of Texas' tourism program. "

You further state that it is your understanding that the $25,000.00 is t
be expended specifically for the following Confederate Air Force - connected
purposes:

"1. $2,500 to be used directly by this agency and
the Texas Industrial Commission to transport and have
on display one of the TTDA's 20-foot travel show exhibits
during Transpo.

"2.   $7,500 to be disbursed equally to the Lower
Rio Grande Valley Chamber of Commerce, the Harlin-
gen Chamber of Commerce, and the McAllen Chamber
of Commerce, to help underwrite the cost of printing
special area/community literature promoting the home
of the CAF to Transpo visitors.

"3.   $15,000 to be disbursed directly to the CAF
for a number of travel promotion projects involved in its
participation in Transpo (taking a group of national travel
writers from Harlingen to Washington for publicity pur-
poses, and for special literature and promotion during
the nine-day show. )"

The 58th Legislature in 1963 (Ch. 137, pp. 370-371, General and
Special Laws, H.B. 11) enacted Article 6144f, Vernon's Civil Statutes, re-
lating to the advertising of the scenic, historical, natural, agricultural, ed-
ucational, recreational, and other attractions of Texas and providing for the
creation of the Texas Tourist Development Agency to administer and expend
state funds appropriated to it to carry out its purposes, as shown in Section
2 as follows:

"The Texas Tourist Development Agency shall be
charged with the responsibility of administering funds
appropriated to it in accordance with the provisions of
this Act so far as possible to achieve the following:

"(a)   Promote and advertise, by means of radio,
television, and newspapers and other means deemed ap-
propriate, tourism to Texas by non-Texans, including
persons from foreign countries, and to promote travel
by Texans to the State's scenic, historical, natural, agri-
cultural, educational, recreational and other attractions.

"(b)   Coordinate and stimulate the orderly but ac-
celerated development of tourist attractions throughout
Texas.

"(c) Conduct in the broadest sense a public relations campaign to create a responsible and accurate national and international image of Texas.

"(d) Cooperate fully with the agency in charge of operations of the State's park system in all matters relating to promotion of tourism.

"(e) Cooperate with the Texas Highway Commission in the administration of the Highway Commission's collateral program of highway map distribution and operation of Travel Information Bureaus and other tourist related functions conducted by the Texas Highway Commission.

"(f) Encourage Texas communities, organizations, individuals to cooperate with its program by their activities and use of their own funds and to collaborate with these organizations and other governmental entities in the pursuit of the objectives of this Act."

Section 7 of the Bill recites the need for such emergency legislation; it reads,

"The fact that there is no State agency designated to implement and supervise a program of attracting tourists to Texas at this time when other states are competing with our State for tourists, and that this fact has led to a decrease in the number of tourists visiting our State and has led to a loss of money to Texas . . ."

The Attorney General's office has heretofore upheld the constitutionality of Article 6144f, particularly in view of Article XVI, Section 56, Constitution of Texas, which authorizes the expenditure of state monies for the purpose of advertising and disseminating factual information about the advantages and economic resources offered by the State of Texas. Attorney General Opinion No. C-216 (1964.)

For the purposes of this opinion we will assume that the above proposed expenditures for advertising Texas are within the authorized governmental purposes set out in the Constitution and Article 6144f enacted pursuant thereto.  If so, the expenditures are not prohibited by Article 3, Section 51, Constitution of Texas, which forbids the Legislature from making any gift or grant of public moneys to any individuals or other entities for private or individual purposes.  This constitutional provision is wholly inapplicable where a governmental or public purpose for the expenditure exists.  State v. City of Austin, 160 Tex. 348, 331 S.W. 2d 737(1960); Brown v. Galveston, 97 Tex. 1, 75 S.W. 488 (1903); 52 Tex. Jur. 2d 754-757, State of Texas, Sec. 43; Attorney General Opinion No. C-530 (1965), and authorities there discussed and cited.

In testing the validity of the expenditure, the courts will look to the character of the use for which the money is expended, not who receives it.  81 C.J.S. 1148, States, Sec. 133; Attorney General Opinion No. C-530, supra.  Furthermore, as held in Attorney General Opinion No. C-719 (1966),

"If a valid public purpose is being served . . . and the State is expending money for services rendered, the character of the private agency rendering the public service does not control the validity of the expenditure. "

Consequently, the money appropriated may lawfully be expended pursuant to a contract by the Texas Tourist Development Agency with a Chamber of Commerce or with an individual for such advertising and promotional services in accelerating the development of Texas' tourism program.

The constitutional question of the legality of the transfer of the $25,000.00 to your agency for the expenditures, through resort to the provisions of Section 19, Article V, Senate Bill 11, Regular Session, has not been asked for our decision and we will express no opinion thereon in the absence of a specific request.  It has long been the established policy of this office to answer in opinions only those questions presented, particularly when there is involved a decision concerning the constitutionality of an enactment of the legislature.  This is also the policy of the Courts, and they will not pass on the question of constitutionality unless such question is properly raised and presented to them.  Texas State Board

of Medical Examiners v. Scott, 377 S.W.2d 104, 106 (Tex. Civ. App. 1964, rev. on other grnds., 384 S.W.2d 686); Wood v. Wood, 159 Tex. 350, 320 S.W.2d 807, 813 (1959).

## SUMMARY

The Texas Tourist Development Agency may draw state vouchers in favor of the Confederate Air Force, the Lower Rio Grande Valley Chamber of Commerce, and the McAllen Chamber of Commerce pursuant to a contract with them by the Texas Tourist Development Agency, provided the warrants are drawn for the purpose of paying for the performance of services for advertising and promoting the State of Texas, its advantages and economic resources, in accelerating the development of Texas' tourism programs. Article 6144f, V.C.S. and Article XVI, Section 56, Constitution of Texas.

The Attorney General will not pass upon constitutional questions of legislative enactments unless asked. It follows the policy of the courts in this regard.

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W.E. Allen, Acting Chairman

Sam Jones
S.J. Aronson
John Grace
Wardlow Lane

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant